BANKS & READY, EXECUTORS OF SIMS, v. WHITE-HEAD.

1. In an action of covenant upon a general warranty, the averment that at the sealing and delivery of the deed, one N. had the lawful title, freehold and possession, of the land warranted, and still continues so to have, by reason whereof the grantee is, and always has been unable to recover the possession, shows a sufficient breach of the covenant, and is equivalent to the assertion of a legal ouster.

Writ of error to the Circuit Court of Tuscaloosa County.

COVENANT by Whitehead against Banks and Ready, as the executors of Sims, on a deed of bargain and sale, conveying a certain tract of land therein described, with a clause of warranty, in these terms: " And the said party of the first part, for himself, his heirs, executors, and administrators, doth hereby warrant, and will forever defend the title of the above bargained premises to him, [the said party of the second part,] his heirs and assigns forever, from the claims of all and every person or persons whomsoever, as also the claims of the General Government." The declaration contains several counts, all of them setting out a similar breach to that contained in the first, which is as follows: " And the said plaintiff avers that at the time of the making of the said deed, or at any other time, the said Edward Sims was not the owner of the said bargained premises, or any part thereof; but that the lawful freehold, title, and *possession* in the same, at the time of the making,

sealing, and delivering the said *deed*, was in another person than the said Edward Sims, to wit—that it was in one John Nelson, and *still continues* to be in the said Nelson, who then lawfully claimed and possessed and still continues to claim and possess, by reason whereof the said plaintiff cannot hold, possess or enjoy the said bargained premises, or any part thereof." In one of the counts, after alledging the title, freehold, and possession to be in the said Nelson, the breach concludes, " by reason whereof the said plaintiff is, and always has been unable to obtain possession of said bargained premises." The defendants demurred, and judgment being given for the plaintiff on the demurrer, this is now assigned as error.

L. CLARK, with whom was Mr. PECK, for the plaintiff in error, insisted that the assignment of breaches upon the covenant of warranty was insufficient, as no eviction was alledged.

J. PORTER, contra, contended that the allegation that the plaintiff was unable to obtain possession in consequence of the outstanding permanent title, was equivalent to a formal allegation of eviction. The same facts, if in evidence, would well warrant a recovery. [Caldwell v. Kirkpatrick, 6 Ala. Rep. 60.]

GOLDTHWAITE, J.—The effect of a general covenant of warranty, was very fully considered in Caldwell v. Kirkpatrick, 6 Ala. Rep. 60.] The question here is as to the necessary averments in a declaration to show a breach of this warranty. The plaintiff alledges, in substance, that at the time of the sealing and delivery of the deed to him, that another person than the grantor had the lawful freehold title, and possession, and still continues so to have ; by reason whereof the plaintiff is, and always has been, unable to obtain possession. . The case cited is conclusive to show that proof of these facts is sufficient to constitute a breach of the warranty. To the same effect is Cummings v. Kennedy, 3 Litt. 118. . In the case of Crawford's heirs v. Pendleton, the declaration is to the same effect as here, except it is added, as a consequence of the inability to obtain possession, that the plaintiff had been evicted ; and the Court refused to arrest the judgment although the supposed defect of the breach was urged as a reason to do so. It

certainly is unnecessary to alledge more than is necessary to be proved in an action like this; and although the strictly formal course would have been to alledge an eviction, we feel constrained to decide that the averments here are equivalent to the assertion of a legal ouster.   In doing so, we do not conceive we in any manner trench on the rules which govern this covenant, for under the averments of this declaration, the plaintiff would be held to proof that the possession was in another; and after his grantor's title had been shown, it would also be necessary, in order to sustain the action, to show that it was inferior in legal strength to the title held by the individual in possession.

Judgment affirmed.