Mills v. Rice.

---

LUTHER L. MILLS, PLAINTIFF IN ERROR, V. LORENZO RICE, DEFENDANT IN ERROR.

**Covenant:** PLEADING. In an action for breach of covenants of warranty, it is necessary to allege substantially an eviction by title paramount.

——— : ———. Where it was alleged in the petition that by reason of an outstanding, adverse title, which ripened into a perfect and indefeasible title, the plaintiff was ousted and dispossessed entirely from all possession of the premises by due course of law, *it was held* sufficient as an allegation of eviction by title paramount.

——— : ———. An allegation in the petition "that possession of the premises had never been obtained," *held* to be immaterial, not being a breach of the covenant.

**Pleadings :** SUFFICIENCY. The sufficiency of pleadings as to certainty, precision and definiteness, which do not amount to such absolute omission as to constitute no ground of action or defense, must be objected to by motion, and can afford no ground for demurrer.

**Statute of limitations :** DEMURRER. If the petition, in an action for breach of covenants of warranty, does not show when the cause of action accrued, by reason of ouster and dispossession of the premises, the statute of limitations cannot be interposed by a general demurrer.

THIS was an action of covenant. To the petition, the defendant interposed a general demurrer which was sustained by the district court of Nemeha county. The cause was then brought here by petition in error. The case is fully stated in the opinion of the court. Mills, who was plaintiff in the district court, was plaintiff in error here.

*J. H. Broady*, for plaintiff in error, contended:

I. The general common law rule in assigning breach of covenant, is to negative the covenant. 1 *Chitty's Pleading*, 332, 333. *Jones County v. Sales*, 25 *Iowa*, 27.

II. The covenant against incumbrances is broken, if at all, as soon as made; and action lies *before* eviction or other disturbance thereby, and breach is sufficiently assigned under the code practice, (which has revolutionized the old system) by negativing the language of the covenant, if there be no motion made to compel the pleader to be more definite and specific by pointing out the character of the incumbrance. *Swan's Pleading and Practice*, 23, 24, 166–168. *Trustees, etc., v. Odlin*, 8 *Ohio State*, 293. *Prindle v. Caruthers*, 15 *New York*, 425. 2 *Washburne's Real Property*, 2d *Ed.*, 693, 706. *Prescott v. Trueman*, 4 *Mass.*, 627. *Funk v. Creswell*, 5 *Iowa*, 62. But we have gone further than merely negativing the covenant against incumbrances, and alleged an incumbrance which ripened into complete title and ousted us, and if they wished more particularity, should have asked for it by motion, which is substituted by the code for special demurrers; and under the code practice a demurrer waives all objections for indefiniteness or uncertainty, and admits the truth of the allegation, however much it savors of a question of law. See above cited code authorities in New York and Ohio. Also,

*Swan's Pl. and Pr.*, 194, 198 and 489, the latter reference giving the Ohio form of petition in such cases, under the code.

The breach of this covenant is taken out of the statute of limitations. The allegations of the petition on that subject being in the language of the statute must be construed to mean whatever the same language in the statute means. *Rev. Statutes*, 1866, *Sec.* 20, 396. *Cole v. Jessup*, 10 *New York*, 103, 104, *and cases there cited*. *Taylor v. Fitch*, 12 *Ohio State*, 175.

III. The same facts that constitute a breach of covenant against incumbrances, may also constitute a breach of covenant for quiet enjoyment, and also a breach of the covenant of general warranty, and such is the case in this action as shown by the petition. *Sedgwick on the Measure of Damages*, 152, 153. *Funk v. Creswell*, 5 *Iowa*, 62. *Prescott v. Trueman*, 4 *Mass.*, 628. Hence, the above cited code authorities apply with full force on the assignment of breaches of the last two named covenants. The demurrer admits that we have been ousted and dispossessed, and the assignments are good against the demurrer.

The causes of action on these two covenants are nowhere brought within the statute of limitations, which does not begin to run until breach, the time of which is not shown in the petition, and they fail to file the motion to compel certainty of time, and thereby waive any such objection. *Crisfield v. Storr*, 36 *Maryland*, 129.

IV. The whole deed should not be copied in the petition nor attached thereto, but only the covenants declared upon. Besides, any objection on this subject must be taken by motion and cannot be taken by demurrer. Demurrer, under the code, is not to rectify defects of form but to finally decide the law of the case. *Swan's Plead-*

*ing and Practice*, 194, 198, 199, 170. *Brandt v. Foster*, 5 *Iowa*, 287, 291.

V.  The demurrer should not have been sustained, if cause of action is shown on any of the covenants. *Brown v. Tomlinson*, 2 *G. Greene*, (*Iowa*), 526.

*E. W. Thomas*, on the same side, argued:

I.  Two objections are urged against the petition, to-wit:

*First.* That there is no sufficient allegation of the breach of any of the covenants; and

*Second.* That it appears from the face of the petition that the cause of action is barred by the statutes of limitation.

II.  The petition sufficiently alleges the breach of the covenants of *seizin* and *right to convey*. All the authorities agree that in assigning a breach of these covenants, it is unnecessary to do more than negative the words of the covenants generally. *Rawle on Cov.*, 53. *Bacon v. Lincoln*, 4 *Cush.*, 212.

III.  A breach of the covenant of *quiet enjoyment* also, is sufficiently alleged. In assigning a breach of this covenant it is sufficient to state that the possession of plaintiff has been interrupted by some lawful title which existed at the time of the conveyance to the covenantee, and it is not necessary to set out that title particularly. *Rawle on Cov.*, 182. *Foster v. Pearson*, 4 *Term.*, 617. 2 *Greenl. Ev.*, *Sec.* 243.

IV.  A breach of the covenant against *incumbrances* is sufficiently alleged. The existence of a paramount title is a breach of this covenant. *Cornell v. Jackson*, 3 *Cush.*, 309.

The petition sets out sufficiently a breach of the covenant of *general warranty*. In assigning a breach of this

covenant, all that is necessary to allege is that the plaintiff was evicted, or ousted, under an adverse title.    In a case in Indiana it was said, "The main thing to be averred is the eviction by paramount title; the manner of the eviction is a matter of evidence, and need not be alleged." *Reese v. McQuillkin*, 7 *Ind.*, 450. *Rawle on Cov.*, 309.

VI.   We contend further, that under the code practice, when the question arises on demurrer, the negativing of the language of any covenant is a sufficient allegation of breach of that covenant.   If the defendant had desired more particularity in the statement, he should have moved to make the petition more definite.   He could not take advantage of indefiniteness by demurrer.   *Swan's Pl. & Pr.*, 23, *and* 166 *to* 168.   *Trustees, &c. v. Odlin*, 8 *Oh. St.*, 293.   *Prindle v. Caruthers*, 15 *N. Y.*, 425. *Funk v. Creswell*, 5 *Ia.*, 62.

VII.   It is said that the petition shows upon its face that the cause of action was barred by the statutes of limitation.   This objection certainly cannot apply to the causes of action founded upon the breach of the covenants for *quiet enjoyment*, or of *general warranty*, for these covenants could not have been broken until there was an eviction, and the petition does not show upon its face when that took place.   If the allegation was not sufficiently specified, the remedy of the defendant was to move to make it more definite.

VIII.   But we contend further, that the petition does not show upon its face that the causes of action founded upon the breach of the covenants of *seizin, of good right to convey*, and against *incumbrances*, were barred by the statutes of limitation.   It is true that the weight of American authority is in favor of the position, that these covenants are broken, if at all, at the instant of their cre-

ation; and it follows that immediately upon the execution of the deed which purported to convey the estate, a right of action upon these covenants enured to the plaintiff. *Rawle on Cov.*, 342, 602. *Mott v. Palmer*, 1 *New York*, 573.

IX.   It is contended, further, that the court will presume that the statutes of limitation of Illinois are the same as those of Nebraska. We say that this rule has no application here, for two reasons, to-wit:

*First*—Because it is a rule of evidence, and not of pleading.

*Second*—Because no such presumption will apply to a *statute law*, particularly the statute of limitations.   1 *Greenl. Ev., Sec.* 488.

X.   It is perhaps true, that where it appears on the face of the petition, that under the statute of limitation no action can be brought, the defendant may demur on the ground that the petition does not state facts sufficient to constitute a cause of action. *Sturges v. Burton*, 8 *Oh. St.*, 215.

XI.   This rule, however, makes quite a change in common law pleadings, and should be confined strictly to those cases only where it clearly appears from the face of the petition, without resorting to presumption, that the cause of action was barred when the action was commenced.

XII.   Besides, we further say, that if the cause of action would otherwise fall within the statute of limitations, the petition states facts which take it out of their scope. The allegations of the petition on that subject, being in the language of the statute, must be construed to mean whatever the same language in the statute means. *General Statutes, Sec.* 20, 526.   *Cole v. Jessup*, 10 *N. Y.*,

103, *and cases there cited. Taylor v. Fitch,* 12 *Oh. St.,* 175.

*Hewett and Newman,* for defendant in error, argued:

The demurrer was properly sustained, for the reason that the petition did not state facts sufficient to constitute a cause of action against defendant, in the following particulars.

1. The petition counts upon the breach of the covenants for quiet enjoyment, by saying that "plaintiff has not been permitted to quietly enjoy, or to enjoy at all," but does not state that it was by reason of any act or default of defendant, and does not state any specific act of interference or disturbance of his quiet enjoyment by defendant or any other person, so that it may have been a tortious trespass or interference with which defendant had nothing to do. The covenant for quiet enjoyment requires the assignment of a breach by a specific ouster or eviction by a paramount legal title. 4 *Kent Com.* 479. *Marston v. Hobbs,* 2 *Mass.* 433, 437. *Mitchell v. Warner,* 5 *Conn.* 497–522. *Swan's Pl. and Pr.* 493.

2. The nature of the encumbrance which constituted a breach of covenant as to freedom from incumbrances should have been shown, in order that it may appear whether it was a legal and paramount right. 4 *Kent,* 479.

The petition merely states that "at the time of the conveyance the premises were not free from incumbrances, and that there was an outstanding right and title adverse to the title conveyed by defendant," which has since ripened into a perfect and indefeasible title, but he does not state what sort of an outstanding title or right it was; nor does he state that it was a legal or paramount title to that conveyed. 4 *Kent Com.* 471. *Kellogg v. Ingersoll,* 2 *Mass.* 97, 101, *where breaches are specially assigned. See also forms in* 2 *Greenl. Ev.* § 242, *note* 6. *Swan's*

*Form, Pl. and Pr.*, 492. *Prescott v. Trueman*, 4 *Mass.* 627.

3. The breach of covenant of warranty is stated thus: " And said defendant has failed to warrant and defend," etc. This is insufficient without alleging an eviction by a paramount legal title, and stating specially the act constituting the breach. 4 *Kent Comm.* 471, 479. *Marston v. Hobbs*, 2 *Mass.* 433, 437. *Kortz v. Carpenter*, 5 *Johns.* 120. *Inness v. Agnew*, 1 *Ohio*, 387. *Owen v. Thomas*, 33 *Ills.* 320. *Brandt v. Foster*, 5 *Iowa*, 287. *Swan's Pl. and Pr.* 490. *Crisfield v. Storr*, 36 *Md.*, 129. *Chitty Pl.* 369, 408–9.

4. The breach of the covenants of seizin and right to convey, which are not asserted in this case, may be assigned by merely negativing the words of the covenant. But the exception to the general rule is, that when such general assignment does not necessarily amount to a breach, the breach must be specially assigned. The covenants against incumbrances, quiet enjoyment, and general warranty, come within the exception, and require the breaches to be specially assigned. *Marston v. Hobbs*, 2 *Mass.* 437, *and cases cited above, and Camp v. Douglass*, 10 *Iowa*, 586.

5. Our code requires plaintiff to state the facts constituting his cause of action. *Civil Code Sec.* 92. " A fact is a thing done; an act, an event." *Swan Pl. and Pr.* 146. *Nash, Pl. and Pr.* 52. And defendant is required to answer under oath. How can he admit or deny, unless the facts are specially stated?

6. The cause of this action accrues, if at all, at the time of the conveyance; for the injury arose, if at all, from the existence of an incumbrance under which the premises were sold. 4 *Kent*, 471. No time is stated for the breach of any other covenant.

The statute of limitations began to run therefore on the 24th day of April 1857, and the action is shown on the

face of petition to be barred, unless the plaintiff has stated some fact to bring the case within one of the exceptions which suspend the running of statute. This he has not done. He merely states that defendant absconded, and concealed himself *from plaintiff*. Now the statute begins to run from the time plaintiff *might have brought his action, not from the time that he knew that he could*. 3 *Parsons Contracts*, 90, 92. He has merely attempted to save himself by stating the time when he knew he could bring his action.

There is nothing in the petition to show but what the contract arose in this state. If it did not arise in this state, plaintiff should have shown that the defendant came into this state within five years; if it did arise in this state, it is barred. *Ruggles v. Keeler*, 3 *Johns* 263. *Story Conf. Laws*, § 576, 577.

Objection that action is barred by limitation may be taken by demurrer. *Lawrence v. Sinnamon*, 24 *Iowa*, 80.

GANTT, J.

The petition states that the defendant for the consideration mentioned in the deed, sold and conveyed in fee-simple to the plaintiff, lot eight in block eight, in a certain addition to the town of Kankakee in the state of Illinois, and covenanted to the plaintiff, that he was seized in fee of the premises; that he had a good right to convey the same; that said premises were free from all incumbrances; that the said plaintiff should quietly enjoy the same, and that the defendant and his heirs, executors and administrators would forever warrant and defend the title to the said premises against the lawful claims of all persons. The breaches alleged are, that the premises were not free from incumbrances; that the plaintiff had not been permitted to enjoy said premises, or to enjoy them

at all, and that the defendant failed to warrant and defend the title to said premises.

These allegations simply negative the words of the covenants against incumbrances and for quiet enjoyment and warranty. But in pleading the breaches there is the further averment that at the time of the conveyance by defendant to plaintiff, there was an outstanding title, adverse to that conveyed by defendant to plaintiff, which has since ripened into a perfect and indefeasible title to the premises, under which the premises have been sold, and the plaintiff has been deprived of the right and title to the same, and was ousted and dispossessed wholly from all possession, right and title to the same by due course of law.

To this petition the defendant interposed a general demurrer; and in support of the demurrer it was argued that to merely negative the covenants is not sufficient to maintain the action, except in covenants of seizin and right to convey.

The rule of law seems to be well settled, that in actions for breach of covenants of warranty, and for quiet enjoyment, it is not sufficient to merely negative the words of the covenants, for these covenants protect only against an ouster from the possession or enjoyment of the premises; and there can, therefore, be no breach assigned without alleging substantially an eviction by title paramount. *Rawle on Covenants*, 181, 308. *Paul v. Whitman*, 3 *Watts and Sergeant*, 410. *Sedgwick v. Hollenback*, 7 *Johns*, 380. *Blanchard v. Hoxie*, 34 *Maine*, 378. *Wait v. Maxwell*, 4 *Pick.*, 87. *Hayes v. Bickerstaff*, *Vaughan*, 118.

But in *Witty v. Hightower*, 12 *Smedes and Marshall*, 478, it is said that an averment of "an actual ouster, or eviction, or holding out under paramount title" is necessary; and in *Day v. Chism*, 10 *Wheat*, 451, it is held that although an eviction must be substantially alleged, yet

no formal words are prescribed with which the allegation is to be made. "It is not necessary to say in terms, that the plaintiff has been evicted by title paramount to that of the defendant." The averment that the defendant "had not a good and sufficient title to the said tract of land, and by reason thereof was ousted and dispossessed of said premises by due course of law," says the court, "contains all the facts which constitute an eviction by title paramount." *Banks v. Whitehead*, 7 *Ala.*, 85. *Reese v. McQuilkin*, 7 *Indiana*, 451.

In the case at bar, the plaintiff has alleged that by reason of an outstanding, adverse title, which has ripened into a perfect and indefeasible title, he was ousted and dispossessed entirely from all possession of said premises by due course of law. I think this allegation of title paramount, and of breach of covenant by ouster and dispossession by due course of law, brings the case sufficiently within the rule laid down in the cases above cited.

Another objection raised to the pleading is, that the plaintiff avers that he has not been permitted to enjoy the premises at all, which, perhaps, is equivalent to alleging that he had not been able to obtain possession of them,— and also avers that he was ousted and dispossessed of them by due course of law. These averments are inconsistent; but if the inconsistency could not be taken advantage of by motion, yet, still, as is said in *Day v. Chism*, 10 *Wheat*, 453, "the allegation that possession has never been obtained is immaterial, because not a breach of the covenant, and may be disregarded on general demurrer."

It is, however, contended that the petition is too uncertain and indefinite. It is true the case is not stated with that definiteness, precision, and consistency which should be obtained in pleadings; but it is said that the "sufficiency of pleadings, as to certainty, precision, definiteness, and consistency of allegation, which do not amount to such absolute omission as to constitute no ground of

action or defense, must be taken advantage of or objected to by motion,.under the provisions of the code, and can afford no ground for demurrer or assignment of error." *Trustees, etc., v. Odlin,* 8 *Ohio State,* 296.

In respect to the statute of limitations raised on the demurrer, it is only necessary to remark that the face of the petition does not show when the right of action accrued by reason of ouster and dispossession of the premises, and therefore, so far as the action rests on the breach of the covenants of warranty and for quiet enjoyment, this ground of defense is not well taken on the demurrer.

I am of the opinion that there is substance enough in the petition to maintain it against a general demurrer, and therefore, the judgment must be reversed, and the cause be remanded for further proceedings; and it will be in the power of the district court to allow the plaintiff to amend his pleading.

REVERSED AND REMANDED.

LAKE, CH. J., and MAXWELL, J., concur.