# Chestnut v. Tyson.

*Action for Breach of Covenant for Quiet Enjoyment of Leased Premises.*

| 105 | 149 |
| 118 | 406 |

1. *Action for breach of covenant for quiet enjoyment; when maintained against guardian.*—Neither the ward nor his estate can be bound by a covenant for quiet enjoyment contained in a lease of his lands, but the guardian executing such lease binds himself personally; and the lessee can maintain an action against the guardian, individually, for a breach of such covenant.

2. *Same; when evicted by strangers to the covenant.*—A covenant for quiet enjoyment does not warrant against the wrongful eviction of the covenantee by third persons, nor afford redress for damages resulting from such wrongful eviction; and where in a suit by a lessee to recover damages for the breach of the covenant for quiet enjoyment contained in his lease the gravamen of the action is an eviction by strangers to the covenant, the plaintiff must aver and prove that such third persons had lawful title superior to that held by the covenantor at the time of the execution of the lease, and must identify the holders of such paramount title.

3. *Same; same; insufficiency of complaint.*—In an action by a lessee against his lessor to recover damages for the breach of a covenant for quiet enjoyment contained in the lease, a complaint which, after setting out the covenant, avers that plaintiff went into possession of the leased premises and so remained until a certain day, "when he was forced to surrender the same under a judgment and writ of restitution rendered and issued in a suit of unlawful detainer" prosecuted by certain named third persons against the plaintiff, "and that defendant was notified of said suit, but failed to defend the same, and plaintiff was forced to surrender said place, and by the act of the defendant was deprived of the peaceful and legal possession of said land," states no cause of action and is wholly insufficient, because it fails to aver that the alleged eviction was upon a title paramount to the title of the defendant.

4. *Same; same; when assignment of breach insufficient.*—Where, in an action by a lessee for the breach of a covenant for quiet enjoyment, it is alleged that the plaintiff was evicted by judgment rendered and writ of restitution issued in an action by strangers, an averment that the plaintiffs in said action wherein the judgment of eviction was rendered, "claimed their right of possession," or "claimed title," to said lands "under and through the defendant," or that said judgment was obtained and the covenantee was evicted "under a title which was paramount to the title of the defendant,"

[Chestnut v. Tyson.]

is insufficient as an averment of the breach, and as an averment of paramount title in the evictors, or that such paramount title existed at the time of the execution of the lease.

5. *Same; breach must be set forth particularly.*—In an action for the breach of a covenant for quiet enjoyment, it is not sufficient for the complaint to negative the words of the covenant, or to aver merely that the defendant has failed to comply with the terms of the undertaking, but the breach must be set forth with particularity.

6. *Same; unnecessary to aver or prove notice to defendant of pendency of suit in which there was judgment of eviction on paramount title.*—When a lessee, who has been evicted by a judgment in an action by a stranger having a title paramount to that of the lessor, brings an action against the lessor, counting upon the breach of the covenant for quiet enjoyment, to recover damages for the deprivation of the leased premises, it is not necessary for the maintenance of the action that the plaintiff should aver in his complaint and prove that he notified the defendant of the pendency of the suit in which there was the judgment of eviction.

7. *Same; when notice of pendency of suit must be given.*—When a lessee in an action upon the breach of a covenant for quiet enjoyment seeks to recover special damages for expenses incurred in defending a suit, wherein the covenantee was evicted, it must be averred and proved that the covenantee gave to the covenantor certain and explicit notice of the pendency of the suit in which the judgment of eviction was rendered, and expressly requested him to attend the trial and defend said suit; but it is not necessary that such notice should have been in writing.

8. *Same; judgment of eviction in unlawful detainer sufficient to maintain suit.*—Where, in a suit by a lessee to recover damages for the breach of a covenant for quiet enjoyment contained in a lease, the gist of the action is the deprivation of the possession and use of the leased premises for a part of the term embraced in the covenant, the fact that the plaintiff was deprived of possession by reason of a judgment of eviction and writ of restitution in an action of unlawful detainer furnishes no ground why the plaintiff should not maintain the suit, if the other essentials of the action are sufficiently averred and proved, since in said action it is the right of possession and not title in a strict sense, that is involved, and if the right to the possession was, in fact, paramount to the right of possession which the plaintiff took from the defendant, he could maintain said action.

9. *Amendment of complaint, after demurrer sustained; does not waive plaintiff's right to assign such ruling as error.*—Where, after the court has sustained a demurrer to the original complaint, the plaintiff amends his complaint and proceeds to trial on the amended complaint, he does not thereby waive his right on appeal to assign as error the judgment on demurrer, and, if that ruling is erroneous, to have the judgment reversed, unless it affirmatively appears that he

[Chestnut v. Tyson.]

was not prejudiced by the action of the court in sustaining the demurrer.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JOHN MOORE.

This action was brought on February 25, 1890, by J. C. Chestnut against M. M. Tyson, to recover damages for the alleged breach of a covenant for quiet enjoyment contained in a lease of a plantation by the defendant, Tyson, to the plaintiff, Chestnut. The complaint, as originally filed, was in words and figures as follows: "The plaintiff claims of the defendant four thousand ($4,000.) dollars damages for the breach of the provisions of a contract on the part of the defendant, made and entered into by and between the plaintiff and the defendant, on, to-wit, the 9th day of November, 1889, and which is in words and figures as follows: [Here the lease is set out *in hear verba*.] And the plaintiff says that although he has complied with all the provisions of said contract on his part, the defendant has failed to comply with the following provisions thereof, viz.: (1.) 'The said M. M. Tyson guarantees to said Chestnut the peaceful and legal possession of the place above mentioned for the time specified.' (2.) And plaintiff further alleges that defendant has failed to comply with the provisions of said contract in this: that in and by the terms of said contract the defendant guaranteed to the plaintiff the peaceful and legal possession of the lands therein described from, to-wit, January 1st, 1890, to January 1st, 1894; that he remained on said place until, to-wit, the 23d day of January, 1891, when he was forced to surrender possession of the same under a judgment and writ of restitution rendered and issued in a suit of unlawful detainer against this plaintiff wherein S. J. Chestnut, N. F. Chestnut, E. B. Chestnut and J. T. Chestnut were plaintiffs and this plaintiff was defendant, and that defendant was notified of said suit, but failed to defend the same and plaintiff was forced to surrender said place, and by the act of defendant was deprived of the peaceful and legal possession of said lands described in said contract, wherefore plaintiff sues. (3.) The plaintiff claims of the defendant the further sum of fifty dollars as damages for the breach

of the following provisions of the contract hereinabove set forth, viz.:   That the defendant in and by the terms and conditions of said contract guaranteed to plaintiff the peaceful and legal possession of the lands therein described, from, to-wit, January 1st, 1890, to January 1st, 1894, and plaintiff alleges that said provision of said contract has been broken in this, that on, to-wit, the 5th day of January, 1891, S. J. Chestnut, N. F. Chestnut, E. B. Chestnut and J. T. Chestnut brought an action of unlawful detainer against this plaintiff for the recovery of the possession of said lands described in said contract and that defendant was notified to come and defend the said suit but failed to do so, that afterwards a judgment was in said suit rendered against this plaintiff, the lands were taken from the possession of this plaintiff by the sheriff of Lowndes county, under a writ of restitution in said unlawful detainer suit, and that plaintiff was also forced to pay a judgment of $25 and costs, adjudged against him in said suit and he alleges that he sustained damages on account of loss of time attending court, and by the payment of said judgment and costs in said unlawful detainer suit to the amount of fifty dollars by reason of the failure of the defendant to protect him in the peaceful and legal possession of said lands.''   To this complaint and to each assignment of breach contained therein there were many demurrers, which may be summarized as follows :

(1.)   It is not alleged that plaintiff was ousted from the lands by, or surrendered possession to, any one having a right or title thereto superior to the right and title of Mrs. Tyson.   (2.)   It is not shown that the unlawful detainer suit was brought in a court having jurisdiction to hear and determine it.   (3.)   It is not shown that such notice was given to Mrs. Tyson of said suit, as required her to defend it.   (4.)   The judgment in unlawful detainer could not be conclusive of the fact of a superior right or title in the plaintiffs in that suit .  (5.) It is not alleged that the right asserted or claimed in the unlawful detainer suit was a right or title superior to that of Mrs. Tyson.   (6.)   The complaint shows that the defendant contracted as guardian, and is therefore not liable individually.   The court sustained these demurrers to the original complaint, and the plaintiff thereupon amended by striking out the name of M. M.

Tyson, as an individual, and by making her a party defendant in her representative capacity as guardian of S. L. Tyson. The complaint was also amended by adding other counts. The first assignment of the breach contained in the amended count was the same as contained in the original count. The second assignment of breach of the covenant was that. on January 23, 1891, the plaintiff was forced to surrender possession of the rented premises "under a judgment and writ of restitution rendered and issued in a suit of unlawful detainer against this plaintiff, wherein S. J. Chestnut, N. F. Chestnut, E. B. Chestnut and J. T. Chestnut were plaintiffs, and this plaintiff was defendant; and that said defendant in this suit was notified by this plaintiff of the institution and pendency of said suit, and by him required to come in and defend the same under her guarantee of peaceful and legal possession in said lease, that defendant failed to defend said suit, and by reason of such failure to defend said suit, the plaintiff was forced to surrender said place in the manner above stated, and by the acts of the defendant was deprived of the peaceful and legal possession of said lands described in said contract." The third assignment of breach, after reciting the covenant of peaceful possession of the rented premises, was as follows : "That plaintiff remained on said place under said contract until, to-wit, the 23d day January, 1891, when he was forced to surrender possession of the same under a judgment and writ of restitution rendered and issued in a suit of unlawful detainer against this plaintiff, wherein S. J. Chestnut, N. F. Chestnut, E. B. Chestnut and J. T. Chestnut were plaintiffs, and this plaintiff was defendant, that said plaintiffs in said unlawful detainer suit claimed and asserted their right to maintain said unlawful detainer suit from and through the defendant in this cause ; that said defendant was notified by this plaintiff of the institution and pendency of said suit of unlawful detainer, and was required by him to come in and defend the same ; that defendant failed to defend said suit ; that judgment was rendered against this plaintiff, and he was evicted as above set forth, and by the acts and conduct of the defendant. was deprived of the peaceful and legal possession of said lands described in said contract." Assignments of breach, four, five and five and one half are stated in the opinion. To

the complaint as amended, additional demurrers were interposed, and these demurrers were also sustaind. It is not deemed necessary to set out these grounds of demurrer in detail. The complaint was a second time amended, and as amended was again demurred to on several grounds. The court also sustained these latter demurrers to the complaint as amended, and the plaintiff declining to further amend, judgment was rendered in favor of the defendant. The plaintiff brings this appeal, and assigns as error the several rulings of the trial court upon the pleadings.

GAMBLE & POWELL, for appellants.—1. The court below erred in sustaining the demurrers to the original complaint. The contract as shown on its face was made by appellee in her individual capacity, and not as guardian of any one. The words, ''Guardian of S. L. Tyson,'' set out in the contract sued on were mere *descriptio personae*, and did not mean that the contract was made by her as guardian. But even if the contract sued on was made by appellee in her representative capacity, still for a breach of it by her, it would not be proper to to attempt to fasten a liability upon the ward's estate, by suing her as guardian, thereby making the ward suffer for the laches of the guardian. As we understand the law in such cases, it is always proper to sue the guardian in his or her individual capacity.—9 Amer. & Encyc. of Law, 112 and note 3 ; *St. Joseph's Academy v. Augustini*, 55 Ala. 493 ; *Simms v. Norris & Co.*, 5 Ala. 42 ; *Sanford v. Howard*, 29 Ala. 684.

2. The original complaint was drafted under form No. 9, page 791 of the Code of 1886, and is sufficient. Under that form it is not necessary to allege that plaintiff was evicted under title paramount, nor to set out specifically the nature and extent of the title. Besides there are two ways by which a tenant may be evicted. One is by title paramount, and the other is by act of the lessor or those claiming under him. ''The covenant (for quiet enjoyment) means only that the tenant shall not be evicted by paramount title or disturbed in possession by any acts of the lessor or those claiming under him.''—Gear on Landlord & Tenant, § 91 (Pony Edition.) ''The covenant for quiet enjoyment is broken by any act or fault of the lessor which deprives the tenant of the beneficial enjoyment of the premises.''—Gear's Land-

[Chestnut v. Tyson.]

lord & Tenant, § 92. "Any interference by the act or fault of the lessor with the lessee's right of enjoyment authorizes the latter to abandon the premises."—Gear's Landlord & Tenant, § 92 ; *Crommelin v. Thiess*, 31 Ala. 412 ; *Warren v. Wagner*, 75 Ala. 188. "If the tenant is prevented from occupying the premises by any act of the lessor, or those claiming under him, or by one having paramount title, it is an eviction."—Gear's Landlord & Tenant, § 92., note 7. "Any interference with the possession of the lessee by the lessor, amounts to a breach of the covenant, in whatever form it may happen." Taylor's Landlord & Tenant, (2d Ed.), §§ 305, 306. "The covenantee is not bound to defend, after notice to the covenantor, and refusal on his part to defend." Taylor's Landlord & Tenant, § 311 ; *Jackson v. Marsh*, 5 Wend. 44. "And the notice in such case is not required to be in writing." Taylor's Landlord & Tenant, § 311.

3. While we earnestly insist that the court erred in sustaining the demurrers to the original complaint, still appellant had the right to amend his complaint by suing appellee as guardian.—*Lucas v. Pittman*, 94 Ala. 616. On the authorities above cited, the other demurrers to the amended complaint should not have been sustained. Appellant by amending his complaint after judgment sustaining demurrers, did not wave his right to assign such judgment as error on appeal to this court.—Code of 1886, § 2692 ; *Williams v. Ivey*, 37 Ala. 242; *Phoenix Ins. Co. v. Moog*, 78 Ala. 284.

J. M. CHILTON, and LOMAX & LIGON, *contra.*—1. The complaint was open to the several grounds of demurrer. It failed to allege the lessee surrendered voluntarily or involuntarily (by legal compulsion) to a paramount right or title. Such an averment is indispensable in every suit for breach of the covenant for quiet enjoyment, except in cases where the possession is terminated by the trespass of the lessor himself, and it is not contended that this case is of the latter class.—*Copeland v. McAdory*, 100 Ala. 553, and cases there cited. This case approves the form of complaint given in 2 Greenl. on Ev., § 243 and note. This glaring defect is not obviated by the averment that the lessee was ousted under legal proceedings, even if those proceedings were conclusive upon

the lessor.   This, for the reason, that while such a judgment would be evidence of  a paramount  title, the  fact of the existence of such title  must still  be  averred, and the judgment offered as  evidence of it.—Rawle on Cov. Title,  § 122.

2.  But if  the judgment  may be pleaded, every fact essential to its conclusiveness must be alleged, and  with that particularity pertaining to pleas of estoppel.—*Miller v. Hampton*, 37 Ala. 342.  The judgment  here  pleaded lacks  every element essential to conclusiveness.   (a.) It is not alleged to have been rendered by a  court of  competent  jurisdiction.   (b.) It is shown that the suit  was one of unlawful detainer.   In such suit  (save in an exceptional  case), a  relation  of  privity must exist as between the plaintiff and defendant—a relation that would necessarily exclude the assertion of a paramount, adverse right, to say nothing of an adverse title.—*McCall v. Jones*, 72 Ala. 369; *Norwood v. Kirby*, 70 Ala. 397 ; Code of 1886, § 3389.   (c.) Before the judgment can become conclusive on the lessor, it must also appear that she was properly notified to defend the  suit.   While no  particular form of words is necessary, the notice must  be  timely, and "must clearly and explicitly  convey the  precise information and notify the party to whom  it  is written or sent, that  unless he takes the necessary  steps to defend the suit, and prove the validity  of his title  in  the  first suit, he will be estopped from doing so in the subsequent action."—1. Hermann on Est. & Res. Adj., pp. 153, 162; Rawle on Cov., § 119.

3.   The first count alleges merely that "defendant was notified of the suit and failed to defend the same."  And in the second, it is stated that the defendant "was notified to come and defend said suit, but  failed  to do  so." Both  averments  fall far  short  of  the rule, especially when the pleading is construed most strongly against the pleader.   When it was given, and by whom, is not alleged, nor is it shown that the  information was  precise or timely.   The better opinion seems to be, that the notice, when it relates to an  interest in land such as could only have been  conveyed in writing, must also be in  witing. *Mason  v.  Kellogg*, 38 Mich. 132 ; *Harris  v.  Rowland*, 23 Ala. 644; Rules of Practice, 25 and 26, Cir. Courts, Code, p. 809 ; Rawle on Cov., §§ 119, 122.

4.   It  may  be,  the proposition that Mrs. Tyson was

not personally liable, was also sound. In deter-
mining whether the covenant is her own, or in her repre-
sentative capacity, the whole instrument must be con-
strued to ascertain the intent of the parties. It is sub-
mitted that when thus construed, the lease was executed
by her as guardian, and not as an individual.—*White-
side v. Jennings*, 19 Ala. 784. If so, the question whether
she is liable personally, on her covenant as guardan, de-
pends upon the further inquiry whether the probate
court had authority, under the statutes, to authorize a
lease containing such a covenant. Where the guardian
acts within the limits of his authority, he is not personal-
ly bound. Where he acts without those limit he is per-
sonally bound.—*Whiteside v. Jennings*, 19 Ala. 784 ; 12
Amer. & Eng. Encyc. of Law, 999. When liable at all,
it is a substituted liability—one that under the English
common law, could only be enforced by action on the
case. While later decisions give an action *ex contractu*,
the action is still substitutional. He is made liable be-
cause professing to act for another, he fails to bind him,
as in a case of agency. It has been held in Alabama
that an administrator has power to bind the estate by
covenants of the soundness of slaves sold by him.—*Crad-
dock v. Stewart*, 6 Ala. 77. Whether this now be law or
not, a court of probate has the power to fix the terms of
a lease, being guided only by what it may determine
to be the best interest of the estate, and approved
this covenant with this lease. And the presumption is,
that all statutory requirements were complied with.--Code
of 1886, §§ 2415-16 ; *Patrick v. Hutchason*, 91 Ala. 320.

McCLELLAN, J.—This action is prosecuted by Chest-
nut against M. M. Tyson on a covenant for quiet enjoy-
ment contained in a lease of a plantation by said Tyson
to said Chestnut. The lease is in the following words :
"This indenture made this the 9th day of November,
1889, between M. M. Tyson, guardian of S. L. Tyson, of
the first part and J. C. Chestnut of the second part, wit-
nesseth : that said M. M. Tyson does hereby lease and
release unto the said J. C. Chestnut for a term of four
(4) years from (beginning January 1st, 1890, ending
January 1st, 1894) the plantation in Lowndes county,
Alabama, known as the Ewing Place, being a portion of
the old Simonton Place, near Calhoun, Ala., and con-

taining about 840 acres of land, for a total rental of fifty-eight (58) bales of cotton, divided into the following annual payments, to-wit : 14 B. / C. Oct. 1st, 1890 ; 14 B. / C. Oct. 1st, 1891 ; 15 B. / C. Oct. 1st, 1892 ; 15 B. / C. Oct. 1st, 1893, as evidenced further by the four (4) notes of said Chestnut to said Tyson covering the amounts and payments as above ; said cottons are to class strict low middlings, to weigh an average of five hundred pounds per bale, and to be delivered at Calhoun station in merchantable shape, at the proper time, free from drayage. The said M. M. Tyson guarantees to said Chestnut the peaceful and legal possession of the place above mentioned for the time specified, and agrees to build four (4) new tenement houses on the place at once. Said Chestnut agrees that he will not clear any lands except such as are hereafter agreed upon, and agrees further at the expiration of the period to return the plantation to said M. M. Tyson or her legal representative in as good condition as at present, natural wear and tear excepted.'' This instrument is signed by said Tyson and Chestnut, and properly witnessed.

1.   The original complaint set out the lease in full and claimed four thousand dollars damages from M. M. Tyson individually for an alleged breach of the covenant for quiet enjoyment and also fifty dollars damages for costs paid and trouble, loss of time, &c., in an action of unlawful detainer by which the plaintiff was evicted. One of a number of grounds of demurrer assigned to this complaint raised the point that M. M. Tyson was only liable, if at all, in the capacity of guardian of S. L. Tyson; and this, with all other assignments of demurrer, was sustained by the circuit court ; and the plaintiff thereupon amended the complaint so as to claim against Mrs. Tyson as such guardian. This objection to the original complaint was not well taken. Assuming that the complaint showed that the lease and covenant were executed by the defendant, as guardian of S. L. Tyson, which is by no means clear, it does not follow that she is liable on the covenant only or at all in her fiduciary capacity. To the contrary, quite the reverse is true. The covenant is a general one for quiet enjoyment. By it the covenantor warranted peaceful possession in the lessee for the term of the lease, not only against any act that had been committed by her, but also against her own future

[Chestnut v. Tyson.]

acts and against the lawful acts of all other persons soever. This she was without competency to do as guardian, or so as to bind the estate of her ward. She had power as guardian to enter into only such covenant as is usual between fiduciary grantors, such as executors, administrators, trustees and guardians, and their grantees; and the usual covenant in such cases, the only covenant which such grantees may demand, is that the grantors themselves have neither done nor knowingly suffered any act whereby or in consequence whereof the title or estate conveyed may be incumbered, impeached, charged, destroyed or affected.—Rawle on Covenants, § 33.

2. But when fiduciary grantors go beyond this, and enter into general covenants, such as is the covenant for quiet enjoyment in this lease, while they fail to bind the *cestui que trust* and the trust estate, they do bind themselves personally; and such covenants stand upon the same footing as if the subject matter of the grant or lease had been held by them in individual right and title.—Rawle on Covenants, §§ 34–36, 9 Am. & Eng. Encyc. of Law, p. 112, n. 3; *Bloom v. Wolfe*, 50 Iowa, 286; *Sumner v. Williams*, 8 Mass. 163; *Craddock v. Stewart*, 6 Ala. 77; *Stoudenmeier v. Williamson*, 29 Ala. 558; *Sanford v. Howard*, 29 Ala. 684; *St. Joseph's Academy v. Augustini*, 55 Ala. 493. And this doctrine applies fully to general covenants of guardians on sales and leases of the land of their wards.—*Foster v. Young*, 35 Iowa, 27; *Whiting v. Dewey*, 15 Pick. (Mass.) 428; *Heard v. Hall*, 16 Pick. (Mass.) 457. The circuit court, therefore, erred in sustaining this assignment of demurrer to the complaint. Whether the presumption of injury arising from this erroneous ruling is rebutted by any part of the record before us, as is in effect insisted by counsel for appellee, will be considered further on.

3. General covenants of warranty and for quiet enjoyment, however broad their terms, have certain well defined limitations within which the pleader, counting on a breach, must bring his case, or else he shows no cause of action. One of these limitations is that a covenant for quiet enjoyment gives no assurance against the wrongful eviction of the covenantee by a third person, nor affords any remedy for damages consequent upon such wrongful eviction. If, as in this case, the

*gravamen* of the action is an eviction by strangers to the covenant, it must be averred and proved that such third persons had lawful title superior to that held by the covenantor at the time of the conveyance by him to the plaintiff.—Rawle on Covenants, § 127; *Hayes v. Bicker-staff*, Vaughan, 118; *Beebe v. Swartwout*, 3 Gilm. (Ill.) 180. The original complaint contains no such averment. After setting out the lease, it continues: "And the plaintiff says that although he has complied with all the provisions of said contract on his part, the defendant has failed to comply with the following provisions thereof, viz.: (1.) 'The said M. M. Tyson guarantees to said Chestnut the peaceful and legal possession of the place above mentioned for the time specified.' (2.) And plaintiff further alleges that the defendant has failed to comply with the provisions of said contract in this, that,'" &c., setting out the covenant and averring that plaintiff went into possession of the leased premises and so remained until January 23d, 1891, "when he was forced to surrender the same under a judgment and writ of restitution rendered and issued in a suit of unlawful detainer" prosecuted by certain named third persons against this plaintiff, "and that the defendant was notified of said suit, but failed to defend the same, and plaintiff was forced to surrender said place and by the act of the defendant was deprived of the peaceful and legal possession of said lands," &c. There is a notable absence here of all averment that this eviction was upon paramount title, or upon any title, whether paramount to the title of the defendant or not. For aught that is averred the eviction though upon judgment in unlawful detainer may have been wrongful; and this is in a way shown affirmatively by the inference which the complaint affords that the covenantor could have defeated that action had she appeared and defended it. Again, for aught that is here stated, the eviction of the plaintiff by the judgment in that action might well have been upon a title or right of possession on which he himself had granted out of his term, in which case, of course, though not wrongful, the eviction would not be within the covenant. This, which is the second, assignment of breach of the covenant is, therefore, wholly insufficient; it states no cause of action.

4.    The first assignment of breach is the mere nega-

tion of the words of the covenant, that "the defendant has failed to comply" with its terms. This is not enough. In actions on covenants of warranty and quiet enjoyment, though otherwise in respect of covenants of seizure and right to convey, the breach must be set forth particularly, and it will not suffice to negative the words of the undertaking, or to aver merely that the defendant has failed to comply with the terms of the undertaking. Rawle on Covenants, § 155 ; *Blanchard v. Hoxie*, 34 Me. 378 ; *Mills v. Rice*, 3 Neb. 76 ; *Morgan v. Henderson*, 2 Wash. Ter. 367 ; *Banks et al. v. Whitehead*, 7 Ala. 83 ; *Copeland v. McAdory*, 100 Ala. 553.

5. The complaint claims also a further sum of fifty dollars special damages for the breach of said covenant, in that, on January 5th, 1891, S. J. Chestnut and other named persons brought an action of unlawful detainer against the plaintiff for the leased premises, that the defendant "was notified to come and defend said suit but failed to do so," and that afterwards a judgment was rendered in said suit against the plaintiff, and under a writ of restitution issued upon said judgment the premises were taken from the possession of the plaintiff ; and that plaintiff was forced to pay a judgment of $25 and costs, adjudged against him in said suit, and that he sustained damages in other sum of $25 on account of loss of time attending court in respect of said suit, &c. &c. This averment of a breach of the covenant is open to the same objection pointed out above to the first and second assignments of breach. It is not averred that the plaintiff was evicted by lawful title in the plaintiffs in the unlawful detainer action existing at the time the lease was executed by Mrs. Tyson.

6. This count or assignment of breach is further assailed for insufficiency by the demurrers on the ground that it does not aver the notice given the defendant was in writing. On the general question of notice it is proper, in view of some of the assignments of demurrer, to observe here that to the recovery of ordinary damages for the breach of a covenant of warranty or for quiet enjoyment it is not essential that the plaintiff should allege or prove that he notified the defendant of the pendency of the suit in which there was judgment of eviction on title paramount, for if he was evicted by a paramount title,

11

and can so prove in an action on the covenant, it is wholly immaterial whether the defendant was notified of, and invited to defend, that action, or indeed whether any such action was ever prosecuted. But where there is an action for the land involving the title of the covenantor, and the covenantee notifies him of its pendency and invites him to its defense, then the judgment in that action, whether the covenantor accepts the invitation and makes defense or not, will be conclusive upon him as to the superiority of the title therein asserted over his title; and the plaintiff need only to adduce such judgment, with proof that the title involved was not derived from himself, to establish that the title to which he yielded was paramount to the title of the defendant. But, as in the absence of notice to come and defend the judgment will not conclude the defendant, and the plaintiff will be put to evidence *aliunde* of the paramount character of the title under which he was evicted, the effect and only advantage of such notice "is simply to enable the covenantee to recover on less testimony, since he is then not obliged to show under what title the recovery was had, except that it was not a title derived from himself since the purchase." And the giving of the notice having thus only an effect upon the character of evidence by which the cause of action is to be proved, and neither its presence nor absence having any influence upon the cause of action itself, it is never necessary to aver notice at all when the effort is to recover damages only for the deprivation of the subject matter of the covenant.—Rawle on Covenants, § 124; Sugden on Vendors, p. 612; *Bever v. North*, 107 Ind. 544.

But there is diversity of opinion as to whether notice to defend must be alleged and proved as an essential part of the cause of action when it is sought to recover *special damages* for expenses incurred, pains and trouble and loss of time suffered in defending the action wherein the covenantee was evicted of the premises to which the covenant pertains. Perhaps the greater number of adjudged cases hold that such damages are recoverable though the notice was not given. See *Morris v. Rowan*, 2 Harr. (N. J.) 306. The considerations which underlie the opposite view, however, are to our minds more satisfactory, and we shall adopt that conclusion. These considerations are well stated by the Maryland Court of

[Chestnut v. Tyson.]

Appeals as follows : "There is some conflict in the cases as to the right to recover counsel fees paid in defending the ejectment. [And other legitimate expenses in that behalf stand upon the same footing.] It is the duty of the covenantor and those bound by the covenant, upon receiving notice, to defend the covenantee's title, and upon their refusal or neglect to do so it is clear that the latter would have the right to employ counsel for that purpose, and to recover, in an action on the covenant, such reasonable fees as they had been compelled to pay. But as the appellees did not give such notice, but voluntarily undertook to defend the title, they have no right to recover the counsel fees which they have paid. Had notice been given to the appellants they might have thought proper to defend the suit and employ their own counsel, or they might have come to the conclusion that the title of the plaintiff in the ejectment could not be successfully resisted, and they might, therefore, have determined not to incur a useless expense in making a defense, and preferred to perform their covenant by paying to the appellees the amount of damages to which they might be entitled."—*Chrisfield et al. v. Storr*, 36 Md. 129, 151. Of course this rule would not apply to such of the costs of the ejectment suit as would be adjudged against the defendant therein though no defense were made, as upon default for instance ; and these we apprehend might be recovered on the covenant notwithstanding notice to the covenantor had not been given, since it is only the expenses of *defending* the suit which he would have upon notice the election of incurring or not.

8. The special damages claimed in the second count or third assignment of breach of the original complaint would not, therefore, be recoverable, even if the claim were otherwise sufficiently stated, unless notice of the suit whereby the plaintiff was evicted was given the defendant and he was requested to defend it. Speaking to the assignments of demurrer which bring in question the sufficiency of the averment of notice, without reference to the insufficiency of this part of the complaint in other respects, it becomes necessary to determine whether such notice should be in writing. Here again there is sharp conflict in the authorities, with perhaps a preponderance of the adjudged cases supporting the negative of

[Chestnut v. Tyson.]

the proposition.—Rawle on Covenants, § 119. The question is *res integra* in Alabama. It would doubtless be the better practice in all cases for such notices to be written, but this is, it seems to us, a matter of convenience and not of principle. All that is requisite in such cases is that the covenantee shall in unequivocal, certain and explicit terms advise the covenantor of the pendency of the action and request him to defend the same. That this may be as well done by word of mouth as by writing there can be no doubt. The only advantage which the written notice has over a verbal one is in respect of subsequent proof that a notice has been given and its contents ; and if the verbal notice and its terms are proved with certainty, as of course, it may well be in a given case, this advantage disappears. The plaintiff takes the greater risk of being able to prove the verbal notice, but if he does prove to the satisfaction of the jury that a verbal notice was given, and that it was in the terms which the trial court instructs them are requisite, there is no reason, we conceive, that such notice, so proved, should not be as efficacious as one in writing. The count of the complaint or assignment of breach under consideration is not, in our opinion, open to the objection taken by the demurrers in respect of its failure to allege that the notice given was in writing.

9. But the notice, as we have seen, whether oral or written, must be certain and explicit, and it must also be given *by the covenantee to the covenantor*, and it must contain an express request or requirement that the latter defend the title he has warranted. Mere knowledge on the part of the covenantor of the pendency of the suit will not suffice. Notice by a third person other than an agent of the covenantee will not do. And even notice by the covenantee unaccompanied by an invitation to the covenantor *to attend the trial*, it seems, will not meet the requirements of law. It follows that the notice alleged here is insufficient because it does not appear to have been given by the covenantee. The averment is that "the defendant was notified," &c. This averment is insufficient.—*Paul v. Witman*, 3 Watts & Serg. 410; *Miner v. Clark*, 19 Ark. 407; *Somers v. Schmidt*, 24 Wis. 421; *Collins v. Baker*, 6 Mo. App. 588.

10. So much with reference to the original complaint and the demurrers thereto. After all these demurrers

had been sustained by the court, the plaintiff amended his complaint by changing the action against M. M. Tyson individually into an action against her as guardian of S. L. Tyson, and by adding a new count. This count sets out the lease as in the original complaint and contains several distinct attempts to assign a breach of the covenant for quiet enjoyment. The first of such assignments is the same as the first assignment in the original complaint, and is wholly bad for the reasons already given. The second assignment not only fails to aver that the plaintiff was evicted by title paramount to the title he acquired from the defendant, but affirmatively shows that the title conveyed to him by the defendant was superior to the title of his evictors, in that it is alleged that the eviction resulted solely from the failure of the defendant to come and defend that action. The third assignment of breach is open to the same construction; and is also bad for omission of averment that the eviction was by title paramount. There is in this assignment an averment that the plaintiffs in the action whereby this plaintiff was evicted "claimed their right of possession to said lands under and through the defendant." This is insufficient, and would be even had the averment been that those plaintiffs claimed *title* under and through the defendant, for such averment would be filled by proof of a sub-letting by the covenantee to the plaintiffs in the action of unlawful detainer : a title rested upon such sub-lease would be a title under and through the defendant by mesne conveyances. And an eviction upon such title, of course, would not be a breach of the covenant.—*Norman v. Foster*, 1 Mod. 101.

11. The 5th assignment of the breach, after stating the covenant, continues thus : "plaintiff remained on said place under said contract of lease until, to-wit, the 23d day of January, 1891, when he was prevented from further occupying the premises by the acts of certain persons taking possession of said land claiming the right to do so under the defendant, and by the conduct and acts of said parties claiming under the defendant the peaceful and legal possession of plaintiff under said lease was destroyed." In addition to the defects in assignment 3, pointed out above, this one is further at fault in that eviction, actual or constructive, upon a mere *claim* of adverse right or title is not a breach of the covenant.

The evictors must not only claim paramount title but they must *prove* it. "*Habens titulum*," said Chief Justice Hale, "would have done your business."—*Norman v. Foster*, 1 Mod. 101, *supra*.

12.   The 4th assignment of breach of the covenant in the amended complaint is in the following words :   "In and by the terms of said contract the defendant guaranteed to the plaintiff the peaceful and legal possession of said premises and lands therein described from, to-wit, January 1st, 1890, to January 1st, 1894, that plaintiff remained on said place under said contract until, to-wit, the 23d day of January, 1891, when he was evicted from the same under a title which was paramount to the title of the defendant."   And another assignment numbered 5½ avers that the plaintiff was forced to surrender possession of the demised premises on a day certain pending the term under a judgment and writ of restitution rendered and issued in a suit of unlawful detainer prosecuted against him by S. J. Chestnut and three other named plaintiffs, and "that said judgment was obtained and this plaintiff was evicted from said premises under a title which was paramount to the title of the defendant."   In passing upon the sufficiency of these assignments, some observations upon the requirements of good pleading, under our somewhat relaxed system, in respect of the particularity with which the paramout title must be stated will be necessary.   In general, it may be said that it is unnecessary to go further in averment than to substantially set forth the paramount title by an eviction under which the covenant sued on is broken.   And while, of course, a complaint could not be bad for extreme particularity in this respect a resort to it might be very embarrassing to the plaintiff when he is put to his proofs, and, being unnecessary, it is imprudent to aver such title with minute precision.— Rawle on Covenants, § 86.   The paramount title could not, however, be said to be substantially set forth unless there is an averment identifying the holders of it : it must, at least, appear who had and asserted the superior title ; and for the absence of such averment assignment No. 4 is clearly bad, but that numbered 5½ is not objectionable on this ground.   Moreover it must, as we have seen, be averred that the title relied on as working a breach of the covenant, through eviction under it, was

a lawful title. And further, inasmuch as no eviction under a title emanating from the covenantee would be a breach of the covenant, and as no title emanating from the covenantor after the conveyance to the covenantee could be a lawful title to the estate or interest which had passed into the latter, it must be alleged in terms or substance that the lawful title under which eviction was had existed at the time of the conveyance to the plaintiff. "But having averred that the interruption was made under lawful title, existing before and at the time of the conveyance to the covenantee, it is not necessary that that title should be set forth particularly."—Rawle on Covenants, § 155; *Naglee v. Ingersoll*, 7 Pa. St. 205; *Frost v. Earnest*, 4 Whart. (Pa.) 86; *Chrisfield v. Storr*, 36 Md. 148; *Proctor v. Newton*, 2 Liv. 37; *Buckly v. Williams*, 3 Liv. 325; *Banks et al. v. Whitehead*, 7 Ala. 83.

13. The last of the assignments now under consideration substantially alleges that the title to which the plaintiff was forced to yield was in S. J., N. F., E. B. and J. B. Chestnut; and it is otherwise sufficient if it shows that this title existed at the time the lease was executed by Mrs. Tyson. The averment in that regard is that said title "was paramount to the title of the defendant." Is this the equivalent of the averments that the title of S. J. Chestnut *et al.* was a lawful title, and that it existed before and at the date of the lease? As a title could not be paramount in relation to another claim of title which but for such alleged paramount title would itself be good, unless it were a lawful title as against such claim, we take it that the averment here sufficiently shows that the title of S. J. Chestnut and others named was a lawful title. But not so, we think, so far as regards the existence of such lawful title before and when the lease was made. The question here is, not who owned the fee in the land, but who had title to the term which M. M. Tyson demised to the plaintiff, and this at the time of the demise. If the defendant owned this term when she executed this lease, her title for all the purposes of this case was paramount, and by the lease this title passed into the plaintiff. If she also had title in fee or for a larger term of years, the lease may well be said to be paramount, in respect of this term, to her title. And if the lease were assigned and the lessee evicted by his assignees, it could in such

case be said, as it is said in this assignment of breach,
that the title of the evictors was superior to the title of
the lessor to the term. These considerations, it is
thought, demonstrate the inadequacy of the averment
under consideration. *It does not exclude the conclusion
that the title under which the plaintiff was evicted emanated
from himself.*

14.   There are a number of other assignments or at-
tempted assignments of breach of the covenant in this
lease, but each of them is subject to one or another, or
more than one, of the grounds of demurrer which we
have sustained to the assignments specially considered.
A great many assignments of demurrer are without
merit; but those which were properly sustained below
left the plaintiff without a cause of action before the
court, and hence there should be an affirmance but for
the ruling of the circuit court upon the original com-
plaint whereby the plaintiff was forced to proceed, if at
all, against M. M. Tyson as guardian of S. L. Tyson.
The compulsory amendment by which this change was
wrought did not deprive the plaintiff of the right to
insist on appeal that that ruling was erroneous and to
have the judgment reversed on account of it, unless it
affirmatively appears that he was not prejudiced by that
action.— *Williams v. Ivey*, 37 Ala. 242; *Phoenix Ins. Co.
v. Moog*, 78 Ala. 284.

15.   We find nothing in this record to rebut the
presumption of injury which arose upon the erroneous rul-
ling of the court whereby the plaintiff was forced to pro-
ceed, if at all, against the defendant as *guardian*. So
proceeding, it was upon him to aver an eviction by a
lawful title existing at the time of and before the lease,
paramount to her title as such guardian, that is para-
mount to the title of her ward, represented by her. This
he has not averred, and as the necessity to so aver was
pointed out to him by the court's rulings or other assign-
ments of demurrer, it must be that the omission is due
to his inability to make and substantiate such aver-
ment. It may well be, however, that the averment of
ouster by a paramount title &c. could have been made
against M. M. Tyson in her individual capacity, and
such averment might, for aught we can know, have
been open to support by proof of eviction under the title
of the ward of the defendant. For all that appears,

[Chestnut v. Tyson.]

therefore, this ruling on demurrer might well have made it impossible for the plaintiff to state a cause of action at all, though but for it, that is, had he been allowed his right to proceed against M. M. Tyson individually, we can not say but that he had, and could have alleged a case authorizing recovery.

16. The gist of plaintiff's action is the deprivation of the possession and use of the leased premises for a part of the term embraced in the covenant for quiet enjoyment. The paramount title which he must show is such title or right as will draw to it the possession in question : it is really the right of possession and not title in a strict sense that is involved. If the plaintiff was ousted under a lawful possessory right, whether deriving its efficacy from title to the freehold or in fee or not, existing, potentially even, at and before the time of the lease, paramount to the title or right of possession for the term then in M. M. Tyson, it is of no manner of consequence that this superior right was of a nature to be asserted and in fact was asserted in the possessory action of unlawful detainer. If the right to the possession was in truth paramount to the right of possession which the plaintiff took from M. M. Tyson, he might safely yield to it without suit of any kind, and recover his damages on the covenant for quiet enjoyment. Hence our opinion that all which is said by the demurrers and in briefs of counsel about the eviction being by judgment in unlawful detainer where ordinarily title is not involved, &c. &c., is of no importance.

The judgment of the circuit court is reversed. The cause will be remanded.

Reversed and remanded.