BLOOM v. WOLFE.

1. Conveyance: WARRANTY: TRUSTEE. If a trustee bind himself by a personal contract, though he describe himself as trustee, he is liable upon his covenant, as he would be in case the property were held and conveyed in his own right.

2. ———: ———: CONSIDERATION. In an action upon a covenant of warranty the covenantor is liable for the real consideration paid by the covenantee, without regard to the parties receiving it, or the manner of its appropriation.

*Appeal from Clinton Circuit Court.*

FRIDAY, DECEMBER 13.

ACTION at law to recover upon the covenants of warranty in a deed executed by defendant's intestate, conveying certain land to plaintiff. The petition shows that the title faile'

and that plaintiff was evicted from the land. The plaintiff filed a motion to strike from the files the answer of defendant, which was sustained. Defendant standing upon his answer, a judgment was rendered against him, from which he appeals.

*Merrell & Howat*, for appellant.

*A. R. Cotton*, for appellee.

Beck, J.—I. The answer of defendant, which, it is claimed, sets up an equitable defense, shows the following facts: The land described in the deed upon which this suit was brought was conveyed to defendant's intestate, Ames, by one Flinn, by deed, containing the usual covenants of warranty, as security for three hundred and ninety-one dollars, borrowed money. Ames agreed to convey the property as required by Flinn, whenever the debt was paid or secured in some other manner. Flinn became indebted to plaintiff, and to satisfy this claim it was agreed between these two parties that plaintiff should pay or secure the claim of Ames, discharge his own claim, and pay to Flinn the difference between the sum of these debts and seven hundred and twenty dollars, the agreed purchase price of the land. Flinn at this time was insolvent, and plaintiff knew of the arrangement between Flinn and Ames under which the latter held the title of the land. Ames was no party to the arrangement between plaintiff and Flinn, and upon request of Flinn conveyed the premises to plaintiff. Thereupon plaintiff assumed the debt of Flinn to Ames, and secured it by a mortgage upon the land. Plaintiff discharged his claim against Flinn and paid him the balance of the purchase money. It is averred that the only consideration received by Ames was the note of plaintiff, which defendant offers to surrender, and cancel the mortgage securing it. It is alleged that Ames had no knowledge of the consideration passing between plaintiff and Flinn, and that plaintiff had notice of the relations existing between Flinn and Ames. The failure of the title and eviction of plaintiff are not denied.

No question is raised as to the form of the attack upon the answer by a motion to strike. We are required to determine whether the answer presents a sufficient defense to this action.

II. The case involves certain familiar elementary principles, the application of which will determine the rights of the parties. We will proceed briefly to state them.

Ames, according to the statements of the answer, held the land as a trustee. In discharge of the trust he executed the deed to plaintiff upon the covenant of which this action is brought.

III. A trustee, in conveying land which is the subject of the trust, cannot be required to enter into any covenant other 1. CONVEY-ANCE: war-ranty: trus-tee. than that he has done no act to incumber the premises. But if he bind himself by a personal covenant, though he describe himself as trustee, he is liable upon his covenant, as he would be in case the property were held and conveyed in his own right. *Foster et al. v. Young*, 35 Iowa, 27; *Duvall v. Craig*, 2 Wheat., 45; *Sumner v. Williams*, 8 Mass., 162; Hill on Trustees (3d Am. Ed)., p. 413 (marg. p. 281). These rules are based upon sound reason, and are in harmony with the principles of the law which sustain contracts when based upon sufficient consideration, and will not permit a party to deny the covenants embodied in his deed. We conclude that defendant is liable upon the covenants of warranty to the same extent as though they had been executed by the decedent in conveying his own property.

IV. Defendant insists that, as the decedent received but a part of the consideration for the land, he is liable for no 2. ——: ——: consideration: greater account. The real consideration paid may be shown, even in contradiction to the deed, in actions of this kind. But it cannot be shown that the consideration was not wholly or in part received by the covenantor or for his use. Did such a rule prevail it would defeat the other rule we have just stated. Trustees often, if not

usually, receive no part of the consideration of deeds made by themselves.   There can be no such conflict in the law.   In actions of this kind the covenantor is liable for the real consideration paid by the covenantee, without regard to the parties receiving it, or the manner of its appropriation.

*Byrnes v. Rich*, 5 Gray, 518, is cited by defendant's counsel.   It fails to support their views, as the covenantor was not a trustee.   He sold land to one party, and made a deed under direction of the purchaser to another.   The purchaser had, before the execution of the deed, contracted with the grantee therein to have the land conveyed to him in satisfaction of the debt due him from the grantee.   The court held that neither the consideration named in the deed, nor the amount paid by the purchaser, was the actual consideration; and that, as the actual consideration could not be discovered, the value of the land was the measure of the damages.   The case has no bearing upon the question presented by the record before us.

In our opinion the answer presented no defense to the action.   The judgment of the Circuit Court is, therefore,

AFFIRMED.