BARNETT *v.* HUGHEY.

Decided February 7, 1891.

1. *Conveyance—Breach of warranty—Damages.*

In an action upon a covenant of warranty in a deed to land the measure of damages for the loss of the land is the consideration paid and interest thereon from the date of the deed. (Whether the covenantor would be liable for *interest* if the covenantee has occupied the premises without accounting for rents and profits, is not involved in this case.—REPORTER.)

2. *Consideration—Parol evidence.*

In such an action parol evidence is admissible to show that the actual consideration was greater or less than expressed in the deed; but not to defeat the deed or a recovery on the covenants.

3. *Trustee's deed—Warranty—Liability.*

A trustee conveying land with covenant of warranty is personally responsible for its performance.

4. *Consideration in trustee's deed.*

In an action for a breach of such a covenant, the trustee is liable for the actual consideration paid by the covenantee, though received by his *cestui que trust.*

5. *Liability of covenantor to assignee of covenantee.*

In an action for breach of covenant for title against a covenantor by an assignee of his covenantee, the measure of damages for the land is the consideration which the assignee paid to the covenantee with interest from the date of the deed to such assignee, with the limitation, however, that the assignee cannot recover more damages from the covenantor than the covenantee was liable for to him.

6. *Case stated.*

H conveyed land with covenant for title to S, to hold in trust for himself. At his request S conveyed the land with covenant to B for a consideration paid by B to H. Being ejected by a paramount title, B brought suit against S and H upon their covenants. HELD: B is entitled to recover of H and S, on their respective covenants of warranty, the consideration paid to H.

APPEAL from *Jefferson* Circuit Court.

JOHN A. WILLIAMS, Judge.

Dr. J. R. Barnett brought suit against W. L. Strickland and W. W. Hughey, to recover damages for a breach of a covenant of warranty in a deed of land. Judgment was rendered for defendants, and plaintiff appealed. The facts are

stated in the opinion. This case grew out of the decision in
*Hughey* v. *Bratton*, 48 Ark., 167.

*J. M. & J. G. Taylor* for appellant.

The measure of recovery is the purchase money, or consideration of the deed and interest. The true consideration may be shown by parol evidence. Rawle, Cov. for Title, 5th ed., sec. 175; 5 Gray, Mass., 518. The true consideration of the deeds was $350, and for this plaintiff should have had judgment.

*Bell & Bridges* for appellees.

The measure of damages for breach of covenant is the purchase money and interest. 1 Ark., 313. Now Hughey received no consideration for his deed to Strickland, and Strickland received no consideration from Barnett. So no consideration passed on the execution of either deed, and hence there can be no recovery. Parol evidence is admissible to show no consideration, though one is recited in the deed.

1. **Damages for breach of warranty in deed.** BATTLE, J. In an action by a grantee against his grantor, on a covenant of warranty contained in a deed to land executed by the latter to the former, the amount recoverable on account of the breach of the covenant is limited by the consideration of the deed and interest. *Logan* v. *Moulder*, 1 Ark., 313; Rawle on Covenants for Title (5th ed.), secs. 157-164.

2. **Parol proof of consideration.** In such actions, parol evidence is admissible, on the part of the plaintiff, to show that the actual consideration was greater than that expressed in the deed, for the purpose of increasing the damages, and, on the part of the defendant, to show that it was less, for the purpose of diminishing them; but not for the purpose of defeating the deed or a recovery on the covenants. *Estabrook* v. *Smith*, 6 Gray, 578; *Bloom* v. *Wolfe*, 50 Iowa, 286; Rawle on Covenants for Title, secs. 173-174.

3. **Liability of trustee upon his warranty.** In this case the facts in respect to the consideration, as shown by parol evidence, are as follows: In 1873 W. W. Hughey, to defeat a debt for which he and J. R. Barnett

were sureties, conveyed certain lands to W. L. Strickland by a deed containing the covenant of warranty upon which this action was in part brought. Strickland paid nothing for the land. In 1876 Barnett satisfied the surety debt by paying $700. After this Hughey agreed with Barnett to cause Strickland to convey the land to Barnett in satisfaction of the one-half of the debt paid by Barnett, for which he was liable, which was $350. In performance of this agreement Strickland conveyed the land to Barnett by deed containing the other covenant of warranty sued on, stating in the deed that the consideration of the conveyance was $350. No money was paid to Strickland. He "received the first deed and executed the second as a mere favor to Hughey, who was his brother-in-law."

According to the foregoing facts, Strickland undertook to hold and convey the land in trust. He was under no obligation, moral or otherwise, to enter into any covenant other than that he had done no act to encumber the premises. But instead of this he conveyed the land to Barnett, and made with him one of the covenants of warranty in question. In conveying the land he executed the trust that he had undertaken when Hughey conveyed to him; and in making the covenant made himself personally responsible for its performance. This covenant was based upon a valuable consideration, and is valid and binding upon him. *Bloom* v. *Wolfe*, 50 Iowa, 286.

What was the consideration of Strickland's covenant of warranty? We have already seen that, in conveying the land to Barnett, he was discharging a trust which he had undertaken when Hughey conveyed to him, and was executing a contract which Hughey had made with Barnett. The consideration of that contract was the payment and satisfaction of Hughey's liability to Barnett for one-half of the surety debt, and that was $350, which was made and recited in the deed to be the consideration thereof and of the covenants therein contained, and was the real consideration of the deed. *Hodges* v. *Thayer*, 110 Mass., 286. The

4. Consideration in trustee's deed.

measure of damages then for which Strickland is liable to Barnett for the breach of his covenant of warranty is the $350 paid by Barnett to Hughey and lawful interest thereon from the date of his deed.  *Bloom* v. *Wolfe*, 50 Iowa, 286.

**5. Liability of covenantor to assignee.**  Hughey conveyed the land in fee simple to Strickland, and covenanted with him, his heirs, executors, administrators and assigns, that he and his heirs would " warrant and defend the same to Strickland, his heirs, executors, administrators and assigns forever, against the lawful claims of all persons whomsoever."  This covenant ran with the land. When Strickland conveyed, he transmitted it to Barnett, and Barnett thereby became substituted in the place of Strickland as to his right of indemnity for damages sustained by reason of the defect of title, and entitled to recover damages sustained by a breach of the covenant. But he cannot recover of Hughey more damages than Hughey was liable for to Strickland, or than Strickland is liable for to him.  Hughey's liability for damages was not increased by reason of the conveyance to Barnett.  It is limited by the real consideration of his deed to Strickland, and lawful interest thereon from the date of the deed.  *Crisfield* v. *Storr*, 36 Md., 150 ; *Dickson* v. *Desire*, 23 Mo., 166; *Williams* v. *Beeman*, 2 Dev., 483 ; 2 Sutherland on Damages, 296.

**6.  Case stated.**  What, then, was the consideration of the deed of Hughey to Strickland ?  Nothing was paid for the land by Strickland.  He only undertook to hold and convey as Hughey directed.  Whatever Hughey should receive in consideration of a conveyance that Strickland should make in pursuance of his directions and requests, was the consideration of Hughey's deed; that was the inducement which caused him to convey the land; that was the $350 paid by Barnett.

It follows, then, that Barnett was entitled to recover of Hughey and Strickland, on their respective covenants of warranty, the sum of $350 and lawful interest from the date

of Strickland's deed; but he is not entitled to more than one satisfaction.

Reversed and remanded.