WILLIAM P. TUCKER, BURTON B. BAILEY AND E. S. MAC-
KENZIE, PLAINTIFFS IN ERROR, v. OTTO C. BUTTERWECK
AND LIZZIE BUTTERWECK, DEFENDANTS IN ERROR.

CO-WARRANTORS OF TITLE TO LAND—VALID CONSIDER-
ATION MOVING TO ONE, SUPPORTS THE WARRANTY OF
THEM ALL.

In a suit brought by the grantees in a deed to land against the
four grantors therein for breach of a warranty of the title
therein contained, two of such grantors and co-warrantors
pleaded that no consideration for their warranty had
moved to them personally, but that a good consideration
had passed to one of their co-warrantors for such war-
ranty. Held, that such plea was inconsistent and
repugnant, and bad on demurrer. That the consideration
admitted by the plea to have moved to one of the co-war-
rantors in the deed was sufficient to support the warranty
of all the other co-warrantors.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Hernando
County.

The facts in the case are stated in the opinion of the
Court.

*Geo. C. Martin,* for Plaintiffs in Error.

*T. S. Coogler & Son,* for Defendants in Error.

PER CURIAM. This was in an action in the Circuit
Court in and for Hernando county, by Otto C. Butter-
weck and Lizzie Butterweck against William P. Tucker,
Burton B. Bailey, E. S. MacKenzie and Eliza B. Mac-

Kenzie, upon a covenant of warranty contained in a deed executed by the defendants to Otto C. Butterweck for certain lands situated in Hernando county. The deed contained the following covenant of warranty: "And the said parties of the first part do hereby bind themselves and their heirs, executors and administrators to warrant and forever defend the title to said premises unto the said parties of the second part, their heirs and assigns against the said parties of the first part and their heirs, executors and administrators, and against all persons whomsoever lawfully or equitably claiming or to claim the same."

The consideration expressed in the deed was $280.00.

The breach alleged was that plaintiffs went into possession of the land under this deed, and that one Daniel A. Finlayson instituted an action of ejectment against them in the Circuit Court in and for Hernando county, and therein recovered said lands from them on an older and better title, and that the Supreme Court on an appeal taken in said cause affirmed the judgment of the lower court, thereby ousting the plaintiffs out of possession of the aforesaid premises and still lawfully holding them out of the same. The damages were laid at $1000.00. The trial resulted in a judgment for the plaintiffs, from which the defendants have sued out writ of error here.

On the 11th day of April, 1904, by leave of the court the defendants W. P. Tucker and Edward S. MacKenzie by their attorney filed an amended plea of the declaration as follows: "That the alleged deed containing the covenants sued on was executed in the adjustment of an indebtedness due by B. B. Bailey to the said plaintiffs O. C. Butterweck as attorney in a case wherein James G. Guthrie was plaintiff and the same B. B. Bailey and W.

J. Bailey were defendant; and the said deed was executed at the request and for the accommodation of the said Butterwecks, and the defendants received no compensation, which fact was well known to the said plaintiffs at the date of its execution."

The action of the trial court in sustaining a demurrer to this plea is assigned as error. The averments of this plea are inconsistent and repugnant. While the plea alleges that the deed was executed without any consideration to the defendants Tucker and MacKenzie, other facts are alleged which show that there was consideration. On the averments of the plea, that the deed was executed in the adjustment of an indebtedness due to Butterweck by B. B. Bailey, one of the grantors in the deed, a valuable consideration passed to the defendants Tucker and MacKenzie for the warranty of themselves and Bailey, and it is of no consequence that Tucker and MacKenzie received nothing personally in that behalf. Barnett v. Hughey, 54 Ark. 195, 15 S. W. Rep. 464; Sterling v. Peet, 14 Conn. 245; Bloom v. Wolfe, 50 Iowa 286. 1 Page on Contracts Sec. 276.

There being no error in the ruling of the court sustaining the demurrer to this amended plea the judgment is affirmed at the cost of the plaintiffs in error.

TAYLOR, HOCKER, COCKRELL and WHITFIELD, JJ., concurt.

SHACKLEFORD C. J., and PARKHILL, J., disqualified.