61 So.2d 656 (1952)
GRAHAM et al.
v.
CLYDE.
Supreme Court of Florida, Division A.
November 4, 1952.
Rehearing Denied December 9, 1952.
Edward F. Boardman and Lucille Von Arx, Miami, for appellants.
L. Earl Curry, Miami, for appellee.
*657 Richard W. Ervin, Atty. Gen., Ralph E. Odum, Asst. Atty. Gen., and William A. Bostwick, Sp. Asst. Atty. Gen., as amicus curiae.
TERRELL, Justice.
Appellee filed his complaint, praying for rescission, cancellation, injunction, and other relief against a bid for construction of a school building. At final hearing the chancellor overruled appellants' motion to strike, motion to dismiss, motion for decree on bill and answer, found the equities to be with appellee, rescinded his bid and enjoined appellants from attempting to enforce it. This appeal is from the final decree.
The point for determination is whether or not the complaint was sufficient in equity to resist the motion to dismiss.
The material facts are not in dispute and no fraud is charged. Appellee, a building contractor, was low bidder on a proposal to construct a public school building and was awarded the contract. The following day he notified appellants that he had made a mistake of $5000.00 in computing the items in his bid and asked to be relieved of performance. His bid was $52,050.00. He offered to perform the contract for $57,050.00, which was less than the next low bidder and less than appellants' estimate of the cost. It was the proffer he intended to make. The real point in the case is whether or not on such a factual basis, appellee should have been permitted to withdraw his bid.
By the rule generally approved equity will not relieve against the mistake of one guilty of culpable negligence, neither will it relieve against a mistake that could have been avoided by caution. If the one seeking relief could have avoided his mistake by reasonable care or diligence, a court of equity will not relieve him. In other words if one's mistake is due to his own negligence and lack of foresight and there is absence of fraud or imposition, equity will not relieve him.
With this criterion before us let us examine the bid in question. It was proffered by appellee after he secured the proposed instruction to bidders, a set of the plans and specifications, and the rules and regulations governing bidders. He deposited the sum required as a prerequisite to securing a copy of the plans and specifications, he attended the meeting of appellants when his bid and eight others were opened, he was awarded the contract and left the meeting. It is admitted that every formality leading up to the letting of the contract was complied with by both parties. Appellee then found that in computing the figures on which his bid was made he failed to include an item of $5,000.00. The following day he notified appellants of his error and requested that he be permitted to withdraw his bid. It is admitted that appellants were in no sense responsible for the error, but it was due solely to appellee's mistake in addition.
Appellee contends that the judgment of the court below cancelling his bid should be affirmed on authority of Moffett, Hodgkins & Clarke Co. v. Rochester, 178 U.S. 373, 20 S.Ct. 957, 44 L.Ed. 1108; Kutsche v. Ford, 222 Mich. 442, 192 N.W. 714; and School District of Scottsbluff v. Olson Construction Co., 153 Neb. 451, 45 N.W.2d 164. These cases deal with unilateral mistakes in contracts, some phases of which are similar to those in the case at bar, but others are quite different. The Moffett case, for example, proceeded on the theory that the contract was in no sense the one that was intended to be made, the reason being, that the error was so at variance from the context of the transaction, that the minds of the parties never met. The purpose of the litigation was not to rescind or cancel, but to correct and make the bid express the purpose of the bidder.
In some of the cited cases the error was made by a clerk or some one in the employ of the complaining party. In the case at bar the error was made by appellee. He lays it on a defect in and the manner in which he manipulated his adding machine in computing the items that composed his bid. He testified however, that he verified all his computations before submitting his bid to the appellants. The error, in other words, was due to some dereliction on the part of appellee, rather than on some one *658 employed by him. Whether it was failure to exercise due care or was due to oversight, we are not in position to say. It is certain that the error was a very small per cent of the bid, in fact, so small that it was not perceptible at a glance as was the case in some of the cases relied on by appellee.
After all, the most that can be said is that appellee is seeking relief from a clerical error that he alone was responsible for. It is not contended that an honest unilateral error in reference to a material fact relative to the contract was made. If errors of this nature can be relieved in equity, our system of competitive bidding on such contracts would in effect be placed in jeopardy and there would be no stability whatever to it. It would encourage careless, slipshod bidding in some cases and would afford a pretext for the dishonest bidder to prey on the public.
If the relief prayed for in this case is granted then any clerical error or error in calculation can be relieved against. We do not think this is the law. Unilateral errors are not generally relieved against. After the bid is accepted, the bidder is bound by his error and is expected to bear the consequence of it. School District of Scottsbluff v. Olson Construction Co., supra; Crosby v. Andrews, 61 Fla. 554, 55 So. 57; Grant Marble Co. v. Abbot, 142 Wis. 279, 124 N.W. 264; Graham v. Berryman, 19 N.J. Eq. 29; Keith v. Brewster, 114 Ga. 176, 39 S.E. 850; Grymes v. Sanders, 93 U.S. 55, 23 L.Ed. 798; Saligman v. United States, D.C.E.D.Pa., 56 F. Supp. 505 and other cases support this conclusion.
The problem is one in the application of nice distinctions that separate the line between liability and non liability for errors in bidding, but exegesis of such distinctions makes clear that the error complained of is on the side of liability which a court of equity cannot relieve. The judgment appealed from is therefore reversed.
Reversed.
SEBRING, C.J., and HOBSON and MATHEWS, JJ., concur.