395 So.2d 567 (1981)
LASSITER CONSTRUCTION COMPANY, Appellant,
v.
SCHOOL BOARD FOR PALM BEACH COUNTY, Florida, Appellee.
No. 79-124.
District Court of Appeal of Florida, Fourth District.
February 25, 1981.
Rehearing Denied April 8, 1981.
*568 Alexander Myers of Christiansen, Jacknin & Myers, Palm Beach, for appellant.
Harry R. Steinhardt and Michael E. Jackson of Jackson & Associates, West Palm Beach, for appellee.
GLICKSTEIN, Judge.
This is an appeal from final agency action of the School Board for Palm Beach County, pursuant to Section 120.68(1), Florida Statutes (1977). We affirm.
The material facts are not in dispute. On November 28, 1978, bids were received and opened by the School Board for additions to the Lake Worth High School. The low bidder was appellant, Lassiter Construction Company, with a bid of $2,793,890. This bid was $277,000 lower than the next responsible bid. Immediately after the bids were opened, James D. Lassiter, appellant's president, recalculated appellant's bid. Mr. Lassiter discovered that he had made an error of $100,000 in the preparation of the concrete bid figure. The error was caused when Mr. Lassiter transposed the $346,695 figure for concrete costs from the bid worksheet as $246,695 onto the final bid summary sheet. Mr. Lassiter personally prepared both documents.
Mr. Lassiter immediately notified the School Board through its attorney of the error. Mr. Lassiter was given the opportunity to withdraw his company's bid but Mr. Lassiter did not request to do so.
On December 18, 1978, Mr. Lassiter appeared at the School Board's meeting, explained the error, and requested that the Board increase the construction price by $100,000. The Board voted to accept appellant's bid without the requested increase. At its meeting of January 17, 1979, the School Board failed to reconsider Mr. Lassiter's request to increase the bid.
Appellant argues that because of an honest unilateral mistake, it would be unconscionable and inequitable to require Lassiter to perform the contract in accordance with its bid.
In seeking equitable relief against an alleged mistake made in the preparation of such a bid, the complaining party carries a heavy burden. In Graham v. Clyde, 61 So.2d 656 (Fla. 1952), the appellee sought aid of a court of equity for rescission of a contract on the ground of a unilateral mistake made in computing items of his bid. The court provided:
... equity will not relieve against the mistake of one guilty of culpable negligence, neither will it relieve against a mistake that could have been avoided by caution. If the one seeking relief could have avoided his mistake by reasonable care or diligence, a court of equity will not relieve him. In other words if one's mistake is due to his own negligence and lack of foresight and there is absence of fraud or imposition, equity will not relieve him.... After all, the most that can be said is that appellee is seeking relief from a clerical error that he alone was responsible for. It is not contended that an honest unilateral error in reference to a material fact relative to the contract was made. If errors of this nature can be relieved in equity, our system of competitive bidding on such contracts would in effect be placed in jeopardy and there would be no stability whatever to it. It would encourage careless, slipshod bidding in some cases and would afford a pretext for the dishonest bidder to prey on the public. Id. at 657, 658.
*569 Appellant relies upon the decision of the First District Court of Appeal in State Board of Control v. Clutter Construction Corporation, 139 So.2d 153, 157 (Fla. 1st DCA 1962), cert. denied, 146 So.2d 374 (Fla. 1962), in which the court held the contractor was entitled to withdraw his bid for construction of a classroom building where an error of $100,000 on the low side in computation was either due to a malfunction in a computing machine used by an employee or an error by the employee in manipulating it. In so holding, the court distinguished Graham on the basis that the mistake was committed by an employee rather than the complaining party:
In Graham the mistake which formed the basis for the equitable relief prayed for in the complaint was committed by the complaining party. This factor evidently had important bearing on the court's decision, for it is recited in the opinion: "In some of the cited cases the error was made by a clerk of some one in the employ of the complaining party. In the case at bar the error was made by appellee... The error, in other words, was due to some dereliction on the part of the appellee, rather than on some one employed by him... After all, the most that can be said is that appellee is seeking relief from a clerical error that he alone was responsible for." In the case now under consideration the mistake against which relief is sought was occasioned either by the malfunctioning of a computing machine, or by an error in manipulation committed by an employee of Clutter... . Id., 139 So.2d at 157.
We believe the present case is governed by the decision in Graham v. Clyde, supra. The common thread between the two cases is that the bid was not prepared by a subordinate. In the present case Mr. Lassiter, the president of the corporation which bears his name, prepared the bid. Appellant has failed to demonstrate that the mistake was not due to Lassiter's own negligence. We further note from the record that the error is less than four per cent of the intended bid, and that without the increase of $100,000 appellant would still receive some profit.
For the reasons stated, the decision of the School Board is affirmed.
AFFIRMED.
MOORE, J., concurs.
HURLEY, J., concurs specially.
HURLEY, Judge, specially concurring.
I join in the judgment of the court because I believe the case at bar is indistinguishable from Graham v. Clyde, 61 So.2d 656 (Fla. 1952), and therefore, we must submit to its precedential authority. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). At the same time, I venture to suggest that Graham seems almost one dimensional in its treatment of bidding errors  so much so, that its blind application can produce gross inequity.
If we were free to choose, I would prefer the more flexible framework of State Board of Control v. Clutter Construction Corp., 139 So.2d 153 (Fla. 1st. DCA), cert. denied, 146 So.2d 374 (Fla. 1962). There, the court suggests a number of considerations which should be weighed in determining whether to grant relief for a unilateral bidding error:
In order to establish that the mistake is one for which equitable relief may be granted, it must be established that it is one of such consequence that enforcement would be unconscionable; it must relate to the substance of the consideration, that is, a material feature; the mistake occurred regardless of the exercise of ordinary care; and it must be possible under the circumstances to place the other party in status quo. Id. at 156.
The major distinction between Graham and Clutter is that in the former, the employer was responsible for the error, while in the latter, it was caused by the employee. I fail to see the significance in this distinction. I would suggest that the considerations set forth in Clutter, supra, are far more relevant and should apply irrespective of who caused the bidding error.
If we were permitted the latitude of the Clutter decision, then, since the only agency document we have is the minutes of the school board meeting which indicate the *570 vote denying relief to appellant, I would recommend that we invoke subsection 6 of Section 120.68, Florida Statutes (1979), and remand the cause to the school board with directions to conduct a prompt factfinding process directed to the considerations set forth above. Thereafter, it would be the board's responsibility to enter a written order containing its decision and a statement of the reasons therefor. See Section 120.68(5)(a), Florida Statutes (1979).
Given the age of Graham v. Clyde, supra, and its importance to the public contracting process, I suggest that we certify the following question to the Florida Supreme Court as being one of great public importance:
IS THE LAW AS SET FORTH IN GRAHAM v. CLYDE, 61 So.2d 656 (Fla. 1952) STILL THE LAW OF FLORIDA OR MAY AN APPELLATE COURT APPLY THE HOLDING OF STATE BOARD OF CONTROL V. CLUTTER CONSTRUCTION CORP., 139 So.2d 153 (Fla. 1st DCA), cert. denied, 146 So.2d 374 (Fla. 1962) TO CASES IN WHICH THE OWNER OR EMPLOYER PERSONALLY CAUSES THE BIDDING ERROR?