THOMPSON, Judge.
James and Mildred Nall appeal from an order denying their request for reformation of a mortgage cancellation and for foreclosure. We reverse.
Joe and Jo Anne Nall owned a parcel of land, composed of the “Quaker” property and the “Flea Market” property, encumbered by a first mortgage held by the Barnhills and by a second mortgage held by appellants. William Moore bought the “Quaker” property on August 27,1974 subject to the first and second mortgages. *924 The Raybons bought the ‘ Quaker” property from Moore on April 7, 1980. Joe and Jo Anne used the proceeds from the July 24, 1980 sale of the “Flea Market” property to satisfy the first mortgage held by the Barnhills. On this same day the Barnhills signed a “Mortgage Cancellation” as to the first mortgage and the appellants signed a “Mortgage Cancellation” as to the second mortgage. Appellants subsequently sought to reform the “Mortgage Cancellation” they had executed to reflect a cancellation regarding only the “Flea Market” property. Appellants also sought to foreclose on the “Quaker” property.
It is clear from the testimony of appellants and of Joe Nall that they intended a cancellation as to only the “Flea Market” property. The execution of the cancellation as to both the “Quaker” and “Flea Market” properties was therefore a mutual mistake, such that appellants are entitled to reformation so long as the rights of any bona fide and innocent purchasers will not be prejudiced. See Burleson v. Brogdon, 364 So.2d 491 (Fla. 1st DCA 1978); Hardaway Timber Co. v. Hansford, 245 So.2d 911 (Fla. 1st DCA 1971). There is no evidence that the requested reformation would in any way prejudice the rights of any bona fide and innocent purchasers or injure the rights of any intervening parties. Accordingly, the trial court erred in denying reformation.
We reverse and remand with instructions for the trial court to reform the July 24, 1980 cancellation executed by appellants to reflect a cancellation as to only the “Flea Market” property, and for further proceedings consistent with this opinion.
NIMMONS and BARFIELD, JJ., concur.