450 So.2d 583 (1984)
Esther Iglesias ARANGO, Appellant,
v.
Franz Alexander ARANGO, Appellee.
No. 83-427.
District Court of Appeal of Florida, Third District.
May 15, 1984.
As Amended on Denial of Rehearing June 15, 1984.
Miguel A. Pirez-Fabar, Coral Gables, for appellant.
Franz Alexander Arango, in pro. per.
Before SCHWARTZ, C.J., and FERGUSON and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
After lengthy post-judgment enforcement proceedings the ex-wife applied for an award of attorney's fees in her favor. Upon hearing, the trial court entered the following order:
1. Upon the evidence and testimony presented and review of the file and the relative financial status of the parties, this Court determines that the attorney for the Petitioner is entitled to fair and reasonable attorney's fees in the sum of $8,000.00.
2. However in view of the Respondent's standing as a new graduated attorney at law and as a professional courtesy, the Court hereby reduces said amount to the sum of $2,500.00 for which let judgment issue.
It is self-evident that neither the ex-husband's position as a recent law school graduate nor "professional courtesy" is, to put it mildly, an appropriate ground upon which to base an exercise of judicial power or discretion in determining the amount of fees to which the appellant is entitled and for which the appellee is liable. See Friedly v. Friedly, 303 So.2d 50 (Fla. 2d DCA 1974). As Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), reminds us:
The trial courts' discretionary power was never intended to be exercised in accordance with whim or caprice of the judge nor in an inconsistent manner. Judges dealing with cases essentially alike should reach the same result. Different results reached from substantially the same facts comport with neither logic nor reasonableness. In this regard, we note the cautionary words of Justice Cardozo concerning the discretionary power of judges:
The judge, even when he is free, is still not wholly free. He is not to innovate at pleasure. He is not a knight-errant roaming at will in pursuit of his own ideal of beauty or of goodness. He is to draw his inspiration from consecrated principles. He is not to yield to spasmodic sentiment, to vague and unregulated benevolence. He is to exercise a discretion informed by tradition, methodized by analogy, disciplined by system, and subordinated to "the primordial necessity of order in the social life." Wide enough in all conscience is the field of discretion that remains. *584 B. Cardozo, The Nature of the Judicial Process 141 (1921).
Id. at 382 So.2d 1203.
Accordingly, we reverse the $5,500 reduction provided in the order below and remand for entry of an $8,000 judgment against the appellee.[1]
Reversed in part, remanded.
NOTES
[1] We reject the husband's submission that the cause should be remanded for a determination of his ability to pay. The order affirmatively shows that the trial judge has already considered that factor in concluding that $8,000 is a reasonable award.