# KIMLEY-HORN ASSOCIATES, INC. v MOSKOWITZ
## Case No. M-85-14714-S
County Court, Palm Beach County
July 16, 1986

### APPEARANCES OF COUNSEL

**Lee A. Kretschmer, Ackerman, Bakst, et al.,** for plaintiff.
**Richard Zaretsky** for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court for nonjury trial on July 10, 1986. Both parties were present with counsel and the Court heard sworn testimony of witnesses and received documents into evidence.

*Findings of Fact*

Plaintiff is an engineering firm. The firm's dealings with Defendant were handled by its senior surveyor, a professional with 27 years of experience in his field. Defendant is president of a corporation which is

a general partner in American Somax Ventures. The partnership owned an island in the Riverbridge development upon which it intended to construct a number of residential units. In the business of real estate development, Defendant is both experienced and knowledgeable.

Defendant hired Plaintiff to perform a survey "showing the top of bank of the island." During the negotiations, Defendant was firm in not wanting elevations taken as part of the survey. Because elevations were not to be included in the survey, Plaintiff reduced the price it had originally quoted and agreed to do the survey for $1,200.00.

A few days later, when Defendant and Plaintiff's surveyor met at the site, Defendant indicated that the purpose of the survey was to present the existing conditions of the island for a land planner. The surveyor suggested that elevation measurements should be included for planning purposes. Defendant rejected this suggestion and reiterated that a top of bank survey was sufficient for his purposes.

Plaintiff completed a top of bank survey to show the existing conditions on the island and billed Defendant for the contract price.

Before Plaintiff conducted the survey, the original developer had deposited extra fill on the island to be used under building pads in future construction. Instead of leaving unsightly piles, the developer spread the fill evenly over the island, making the elevations six inches to a foot higher than the original grade. Defendant complains because Plaintiff's survey failed to take into account this fill, thereby distorting the size of the island. In Defendant's words, he expected a "natural top of bank survey" and he received an "existing top of bank survey." Because it failed to accurately depict the size of the island, Defendant did not use or benefit from the survey.

### Conclusions of Law

Plaintiff and Defendant entered into an enforceable contract whereby Plaintiff agreed to produce a top of bank survey for $1,200.00. At the time the contract was formed, Plaintiff and Defendant unknowingly attached different meanings to the term "top of bank survey." Where the parties to a contract have attached different meanings to a contract term, the term is interpreted in accordance with the meaning attached by one of them if that party had no reason to know of any different meaning attached by the other, and the other had reason to know the meaning attached by the first party. *Restatement (Second) of Contracts* SS20(2), 201(2)(1981); see, *Flower City Painting Contractors, Inc. v. Gumina Construction Company,* 591 F.2d 162, 165 (2nd Cir. 1979).

In the case at bar, Plaintiff had no reason to know of the special

meaning placed on the disputed term by Defendant. A "top of bank survey" is a technical term connoting measurement of existing conditions. In this surveying contract, Plaintiff could justifiably expect such a term to be given its technical meaning. *Restatement (Second) of Contracts* S 202(3)(1981); *cf., Snyder Oceanography Services v. Westport Condominium Association, Inc.*, 14 Fla.Supp.2d 122, 124 (1985) (court found no enforceable contract where parties attached different meanings to the operant words of the contract, which were not terms of art). From Plaintiff's perspective, Defendant was an experienced developer who appeared to know what he wanted. Defendant twice rejected Plaintiff's suggestion that elevations be taken, a task which would have been necessary to conduct the type of survey Defendant actually needed. There was nothing in this transaction to put Plaintiff on notice that Defendant might have misunderstood what he ordered.

In this transaction, Defendant had the greater responsibility for defining the scope of the contract. Defendant was aware of the additional fill, knew the purpose for which the survey was ordered and was aware of how the survey could be distorted if the extra fill were not taken into account. Defendant failed to take those steps he reasonably should have taken to protect his own interests. *See, Restatement (Second) of Contracts*, S 19, comment b (1981).

This is not the type of contract which is voidable for mistake. Defendant's mistaken interpretation of the contract term arose from his failure to exercise reasonable care. *Graham v. Clyde*, 61 So.2d 656, 657 (Fla. 1952). Moreover, by fully performing under the contract, Plaintiff has acted to his detriment. *Langbein v. Comerford*, 215 So.2d 630, 631 (Fla. 4th DCA 1968); 36 Fla. Jur. 2d "Mistake" S4 (1982). It is

ORDERED AND ADJUDGED that Plaintiff, KIMLEY-HORN AND ASSOCIATES, INC., recovers from Defendant, PAUL MOSKOWITZ the sum of $1,200.00 in principal, $209.10 for interest and $50.00 for costs, with interest at 12% per annum, for which let execution issue.

DONE AND ORDERED in West Palm Beach, Florida this 16th day of July, 1986.