638 So.2d 91 (1994)
Paul C. NORDBERG, As Assignee of Elliott Trotta, Lillian Trotta and Attorney's Title Insurance Fund, and Elliott Trotta and Lillian Trotta, Appellants,
v.
Nancy Miller GREEN, Appellee.
No. 93-2113.
District Court of Appeal of Florida, Third District.
May 3, 1994.
Rehearing Denied July 12, 1994.
*92 Hickey & Jones and Gary R. Jones, Miami, for appellants.
Mallory H. Horton, South Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
In 1989, Roger Green, then a single person, executed a contract for the sale to the Trottas of a home he solely owned. Before the closing date, he married the present appellee, Nancy Miller Green. The Trottas  at least partly because their counsel did not trust Roger Green  insisted that Nancy Green also execute the warranty deed as a grantor. The Greens' attorney specifically advised her, because she had no interest in the property, that it was neither legally necessary nor advisable to do so. Nevertheless, Mrs. Green, who was a real estate broker and who testified that she knew exactly what she was signing and doing, indeed executed the instrument as an accommodation to her husband to assist him in closing the transaction. Unfortunately, contrary to the warranty against encumbrances encompassed in the deed,[1] the property was burdened by a valid judgment lien which cost $99,000.00  plus interest, attorney's fees and costs  to remove.
In the present action, Nordberg, as the assignee of the Trottas and the Attorney's Title Insurance Fund, sued the Greens to recover these damages for breach of the warranty contained in the deed. Among other things, Mrs. Green counterclaimed for "reformation" of the deed by the elimination of her signature. After a bench trial, the trial judge entered judgment against Roger Green for a total of $154,512.90.[2] In the ruling which is now before us, however, he found in favor of Nancy Green stating:
The Court further concludes that the signature of Nancy Miller Green on the Warranty Deed was, at best, gratuitous. Based on evidence presented, this Court concludes that it would be grossly inequitable to allow for the entry of judgment against her solely because she accommodated her husband and signed the deed when her signature on the deed was not legally required. The Court concludes that plaintiff has not met his burden as against Nancy Miller Green. Accordingly, judgment is entered on the complaint in favor of this defendant.
The Court concludes that the allegations of the Counterclaim and the third party claim against the Trottas for reformation of the Warranty Deed have been proven by Nancy Miller Green but not Roger Green. Judgment is hereby entered in favor of Nancy Miller Green on the counterclaim and the third party claim and the Court hereby reforms the deed in question by removing her name from same.
We reverse with directions to enter a directly contrary money judgment in Nordberg's favor and against Mrs. Green.
*93 We find no justification whatever for the lower court's action in relieving Mrs. Green from the liability for breach of warranty which resulted from her voluntary and knowledgeable execution of the deed. See 19 Fla.Jur.2d Deeds § 177 (1980).

I.
Although the trial judge rather pointedly declined to base his ruling on that ground, the appellee claims here that her signing of the deed was the result of a "mutual mistake." This is plainly incorrect. Simply stated, there was no cognizable mistake at all, let alone a "mutual" one as to the nature of the undertaking which Mrs. Green voluntarily assumed, or, indeed, of any issue of fact or law surrounding the transaction. Cf. Heisler v. Florida Mortgage Title & Bonding Co., 105 Fla. 657, 142 So. 242 (1932); Nall v. Raybon, 451 So.2d 923 (Fla. 1st DCA 1984); Finger Lickin Food Corp. v. Campbell, 407 So.2d 235 (Fla. 3d DCA 1981). While, in retrospect, Mrs. Green made a very bad decision, indeed, which will cost her a great deal of money, neither law nor equity may operate to relieve one, at the expense of the other side, of the consequences of her own error. Graham v. Clyde, 61 So.2d 656, 657 (Fla. 1952) ("If one's mistake is due to his own negligence and lack of foresight and there is absence of fraud or imposition, equity will not relieve him."); see Bridges v. Thomas, 118 So.2d 549, 553 (Fla. 2d DCA 1960); see also Chanrai Invs., Inc. v. Clement, 566 So.2d 838, 840 (Fla. 5th DCA 1990), review denied, 576 So.2d 285 (Fla. 1991).

II.
Nor is there any merit to the grounds which were assigned by the trial court. First, the fact that Mrs. Green's signature was "at best, gratuitous" is of no legal significance. Just as in the case of one who cosigns or guarantees another's note to secure the underlying loan, the fact that one of the grantors of a warranty deed received no consideration herself for the property does not affect her liability to the grantees. See Tucker v. Butterweck, 50 Fla. 442, 39 So. 480 (1905); 28 Fla.Jur.2d Guaranty and Suretyship §§ 18-19 (1981).
Secondly, it was improper for the trial court to base its decision on its own view that it would be "grossly inequitable" to enter judgment against Mrs. Green under these circumstances. Whether this conclusion is justified as a personal matter or not, the fact is that the law holds Mrs. Green to her word and provides a remedy to those to whom she has given it when they are damaged by her breaking it. No judge has the authority to ignore that law because he believes it inappropriate in a particular case. As was said in Flagler v. Flagler, 94 So.2d 592 (Fla. 1957):
[C]ourts of equity have [no] right or power under the law of Florida to issue such order it considers to be in the best interest of "social justice" at the particular moment without regard to established law.
Flagler, 94 So.2d at 594; accord Schwartz v. Zaconick, 68 So.2d 173, 176 (Fla. 1953) ("with respect to such fundamental rules of law as the one here, equity must follow the law unless some recognized principle permits otherwise").[3]
For these reasons, the judgment in Mrs. Green's favor "reforming" the deed to eliminate her name is reversed. Since the existence of a breach of warranty and the damages caused by that breach have already been established below, the cause is remanded to enter judgment in the appellants' favor and against Mrs. Green in the same form and *94 amount as against Mr. Green nunc pro tunc the date of that judgment.
Reversed and remanded.
NOTES
[1] The standard warranty provided:

AND the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple: that the grantor has good right and lawful authority to sell and convey said land: that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever: and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 1989.
[2] This portion of the judgment provides:

Plaintiff, Nordberg, has met his burden as against defendant, Roger B. Green. Said defendant has breached the warranty against encumbrances contained in the Warranty Deed. Because of this breach, plaintiff has been damaged in the sum of $99,000.00 (the amount necessary to remove the Nordberg judgment lien from the property), the additional sum of $29,586.00 (interest from November 1, 1990 to May 1, 1992), and the sum of $25,926.82 (the necessary attorneys' fees and costs incurred by the Trottas' counsel to remove the lien on the subject property), all totalling $154,512.90 for which sum let execution issue against defendant, Roger B. Green. This determination was reached after the Court concluded that the Nordberg judgment constitutes a judgment lien against the property.
[3] Although on its face the deed shows that the signatures of both Greens were witnessed by two individuals, and the Trottas had no reason to believe otherwise, the appellee seeks to justify the judgment on the ground that, in fact, Mrs. Green's signature was witnessed by only one person. See § 689.01, Fla. Stat. (1993). While we doubt that the two-witness rule is even applicable in this situation, which does not involve the validity of the transfer of title, but the obligation of Mrs. Green for the personal contract of warranty contained in the deed, it is unnecessary to dwell on this point. This is so because under the circumstances of this case, the appellee is estopped from attacking the validity of the instrument on this ground. Cox v. La Pota, 76 So.2d 662 (Fla. 1954); First Nat'l Bank v. Ashmead, 33 Fla. 416, 14 So. 886 (1894); Medina v. Orange County, 147 So.2d 556 (Fla. 2d DCA 1962).