*1054
 
 SCHWARTZ, Senior Judge.
 

 We treat the petition for writ of mandamus as one for certiorari and deny the petition.
 

 Following a November 4, 2008 final judgment of foreclosure, and after several delays — caused in part by the filing and the dismissal of a frivolous bankruptcy petition on the eve of a previous sale and a foul-up or two in the clerk’s office — the trial court on July 29, 2009, entered an order fixing August 27, 2009, as the date of the sale. On motion of the defendants, however, apparently on the basis that in the case, like this one, of the foreclosure of a residence she routinely grants continuances of the sale rather than see “anybody lose their house,” the trial judge granted a continuance until October 1, 2009.
 
 [1]
 
 The mortgagee now challenges this ruling. We deny its petition.
 

 Although granting continuances and postponements are, generally speaking, within the discretion of the trial court, the “ground” of benevolence and compassion
 
 [2]
 
 (or the claim asserted below that the defendants might be able to arrange for payment of the debt during the extended period until the sale) does not constitute a lawful, cognizable basis for granting relief to one side to the detriment of the other, and thus cannot support the order below: no judicial action of any kind can rest on such a foundation. This is particularly true here because the order contravenes the terms of the statute that a sale is to be conducted “not less than 20 days or more than 35 days after the date” of the order or judgment. § 45.031(l)(a), Fla. Stat. (2008). See also
 
 Kosoy Kendall Assocs., LLC v. Los Latinos Restaurant, Inc.,
 
 10 So.3d 1168 (Fla. 3d DCA 2009);
 
 Comcoa, Inc. v. Coe,
 
 587 So.2d 474 (Fla. 3d DCA 1991).
 

 The continuance thus constitutes an abuse of discretion in the most basic sense of that term. As the Court stated in
 
 Canakaris v. Canakaris,
 
 382 So.2d 1197, 1203 (Fla.1980):
 

 The trial courts’ discretionary power was never intended to be exercised in accordance with whim or caprice of the judge nor in an inconsistent manner. Judges dealing with cases essentially alike should reach the same result. Different results reached from substantially the same facts comport with neither logic nor reasonableness. In this regard, we note the cautionary words of Justice Cardozo concerning the discretionary power of judges:
 

 The judge, even when he is free, is still not wholly free. He is not to innovate at pleasure. He is not a knight-errant roaming at will in pursuit of his own ideal of beauty or of goodness. He is to draw his inspiration from consecrated principles. He is not to yield to spasmodic sentiment, to vague and unregulated benevo
 
 *1055
 
 lence. He is to exercise a discretion informed by tradition, methodized by analogy, disciplined by system, and subordinated to “the primordial necessity of order in the social life.” Wide enough in all conscience is the field of discretion that remains.
 

 B. Cardozo, The Nature of the Judicial Process 141 (1921).
 

 See
 
 Storm v. Allied Universal Corp.,
 
 842 So.2d 245, 246 n. 2 (Fla. 3d DCA 2003) (trial judge refused to preclude plaintiff, who misled and deceived the defendants, the jury and the trial court, from further litigation “to give the Plaintiff the break of his life”);
 
 Arango v. Arango,
 
 450 So.2d 583 (Fla. 3d DCA 1984) (trial judge reduced attorney’s fee award to spouse of attorney on ground of “professional courtesy”). See also
 
 Flagler v. Flagler,
 
 94 So.2d 592, 594 (Fla.1957) (“[Cjourts of equity have [no] right or power under the law of Florida to issue such order it considers to be in the best interest of ‘social justice’ at the particular moment without regard to established law.”);
 
 Nordberg v. Green,
 
 638 So.2d 91 (Fla. 3d DCA 1994) (trial court may not decline to follow controlling law on ground it considers its application “inequitable” in particular case), review denied, 649 So.2d 233 (Fla.1994).
 

 Although we thus thoroughly disapprove of the order, in view of the fact that the postponed sale is due to take place within a short time of this decision, no useful purpose will be served by formally quashing the order or ordering the sale to take place on an earlier date with all the procedural complications which would then result. For that reason alone, relief will be denied. We do emphasize that there are to be no further postponements of the sale.
 

 Petition denied.
 

 [1]
 

 . The court's remarks on the issue included the following:
 

 I was trying to make everybody happy.
 

 [[Image here]]
 

 We have so many foreclosures here and I give continuances on these sales. I just do.
 

 [[Image here]]
 

 Unless it is so abundantly clear to me that it is just an abuse of the process, I give extensions on these because I don’t want anybody to lose their house. If there is any chance that he can do this deal, get the money and try to save this home, you know, people are having a hard time now. They are having a difficult time. Everybody knows it. Businesses are failing. People are losing money in the stock market. You know, unemployment is high. It’s just everybody knows that we are in a bad time right now and I hate to see anybody lose their home.
 

 [2]
 

 . See also the term referred to in
 
 Cooper v. Brickell Bayview Real Estate, Inc.,
 
 711 So.2d 258, 258 n. 1 (Fla. 3d DCA 1998).