DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FIRSTBANK PUERTO RICO,** d/b/a **FIRSTBANK FLORIDA,**
Petitioner,

v.

**ALEXANDER OTHON** and **SARA OTHON,**
Respondents.

No. 4D15-583

[April 22, 2015]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. CACE 14-14239.

Aliette D. Rodz, Stephen T. Maher and Alfredo L. Gonzalez, Jr. of Shutts & Bowen LLP, Miami, for petitioners.

Alexander Othon and Sara Othon, Pembroke Pines, respondents.

PER CURIAM.

The day before the scheduled sale of respondents' property pursuant to petitioner's final judgment of foreclosure, respondents moved to cancel the sale based upon their entering into a listing contract to sell the property and the wife's poor health. Over the objection of the petitioner bank, the court cancelled the sale and reset it ninety days later. The bank brought this petition for writ of certiorari, claiming that the court departed from the essential requirements of law in cancelling the sale. We agree.

We adopt the reasoning of *Republic Federal Bank, N.A. v. Doyle,* 19 So. 3d 1053 (Fla. 3d DCA 2009), where the trial court also granted a continuance of a foreclosure sale based upon compassion for the mortgagor. In concluding that this was an abuse of discretion the court said:

> Although granting continuances and postponements are, generally speaking, within the discretion of the trial court, the "ground" of benevolence and compassion (or the claim asserted below that the defendants might be able to arrange

for payment of the debt during the extended period until the sale) does not constitute a lawful, cognizable basis for granting relief to one side to the detriment of the other, and thus cannot support the order below: no judicial action of any kind can rest on such a foundation. This is particularly true here because the order contravenes the terms of the statute that a sale is to be conducted "not less than 20 days or more than 35 days after the date" of the order or judgment. § 45.031(1)(a), Fla. Stat. (2008).

*Id.* at 1054 (footnote omitted.)

Similarly, neither the fact that the respondents in this case listed their property in hopes of obtaining a short sale nor the fact that the wife had medical problems is a ground to cancel the sale. The trial court contravened the statutory direction.

This case is also like *Doyle* in that the rescheduled sale has been set, and granting this writ may actually delay it further. Therefore, although we conclude that the trial court departed from the essential requirements of law, we deny the writ solely to prevent further delay of the sale. We direct that the sale shall proceed on the assigned date, and no further continuances or cancellations shall occur without the express consent of the petitioner.

WARNER, MAY and KLINGENSMITH, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***