# Third District Court of Appeal

## State of Florida

Opinion filed October 3, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1608
Lower Tribunal No. 17-3410
_____

## Ocean Bank, etc.,
Appellant,

vs.

## Magaly Pico Gato,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Miguel M. De La O, Judge.

Louis K. Nicholas II, for appellant.

Loan Lawyers, LLC, and Samantha Neides (Ft. Lauderdale), for appellee.

Before SALTER, LOGUE, and LINDSEY, JJ.

PER CURIAM.

Following a February 29, 2016 loan payment default by Magaly Pico Gato, Ocean Bank initiated a foreclosure action on February 10, 2017 and obtained a final judgment of foreclosure on January 31, 2018. As of February 12, 2018, upon Gato's agreement to Ocean Bank's entitlement to costs in the amount of $885.00, Ocean Bank's foreclosure judgment secured repayment of $372,834.55, plus interest and attorney's fees. The foreclosure sale was scheduled for March 15, 2018.

Subsequently, Gato filed for Chapter 13 bankruptcy and the foreclosure sale was canceled on March 14, 2018. After Gato's bankruptcy case was dismissed, the trial court rescheduled the foreclosure sale for August 8, 2018. On July 26, 2018, Gato filed an emergency motion to cancel the foreclosure sale and attached to the motion a short sale contract dated July 14, 2018 in the amount of $350,000.00. A hearing was held on August 1, 2018 to consider Gato's motion to cancel the foreclosure sale. At the hearing, Ocean Bank explicitly objected to the short sale:

> [Ocean Bank]: We object. We filed a written objection. The bank has declined the short sale which would leave us tens of thousands of dollars short. We have filed our objection in writing and the law says that under those circumstances the motion to cancel the sale should not be granted
>
> The Court: So what I'm going to do is give it a 90-day resale date with no further continuances.
>
> . . . .

> [Ocean Bank]: Judge, respectfully, over Ocean Bank's objection.

Thus, the foreclosure sale was rescheduled for October 30, 2018. Ocean Bank filed a timely notice of appeal on August 3, 2018.

Pursuant to section 45.031, Florida Statutes (2018), a foreclosure sale is to be conducted "not less than 20 days or more than 35 days after the date" of the order or judgment. § 45.031(1)(a). A defendant's claim that they might be able to arrange for payment of the outstanding debt during an extended period of time "does not constitute a lawful, cognizable basis for granting relief to one side to the detriment of the other." Republic Fed. Bank, N.A. v. Doyle, 19 So. 3d 1053, 1054 (Fla. 3d DCA 2009); see also Firstbank Puerto Rico v. Othon, 190 So. 3d 110, 111 (Fla. 4th DCA 2015) (explaining that neither the wife's medical problems nor the fact that the respondents listed their property in hopes of obtaining a short sale are grounds to cancel the foreclosure sale in contravention of section 45.031(1)(a)).

Because the August 8, 2018 foreclosure sale date has already passed, the relief requested by Ocean Bank is no longer available. Similar to Doyle and Othon, reversing the trial court's order in the instant case may actually delay the foreclosure sale further. For this reason alone, relief will be denied. However, we direct that the sale shall proceed on the assigned October 30, 2018 date with no further continuances absent a legally cognizable basis.

Affirmed.