# Third District Court of Appeal

## State of Florida

Opinion filed September 22, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1778
Lower Tribunal No. 19-25195
_____

**Lazara A. Rodriguez,**
Appellant,

vs.

**The Bank of New York Mellon, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Jacobs Legal, PLLC, and Bruce Jacobs, for appellant.

Liebler, Gonzalez & Portuondo, and Adam J. Wick; Holland & Knight, LLP, and Courtney Oakes (Fort Lauderdale); Quintairos, Prieto, Wood & Boyer, P.A., and Sonia Henriques McDowell (Orlando), for appellees.

Before FERNANDEZ, C.J., and GORDO and LOBREE, JJ.

**ON MOTION FOR STAY**

GORDO, J.

Appellant, Lazara A. Rodriguez, has filed an emergency motion to stay eviction pending appeal of the trial court's order denying her motion for rehearing of its order finding section 702.036, Florida Statutes (2013) constitutional and granting third-party purchaser's emergency motion to lift the stay of eviction. The motion for stay pending appeal is the latest in a string of "emergency" motions seeking to delay Ms. Rodriguez's eviction from the subject property, which was foreclosed in 2018.

The underlying foreclosure action commenced in 2009 and was litigated for nine years. On March 2, 2018, the trial court entered a consent final judgment of foreclosure based on a joint stipulation by the parties. In the stipulation, Ms. Rodriguez, who had been represented by counsel throughout the course of the proceedings, agreed not to contest the foreclosure, waived all claims and defenses to foreclosure and agreed to the sale of the property within 90 days.

The property was sold to the Bank of New York Mellon at the foreclosure sale in January 2019 and certificate of title was issued in February 2019. The property was then sold to a third-party purchaser, Vanessa Veytia, in October 2020. Meanwhile, Ms. Rodriguez continued to occupy the property and filed a separate action to vacate the consent final judgment of foreclosure alleging it was obtained by fraud. In February 2021,

2

Ms. Veytia filed an emergency motion for writ of possession. The trial court granted the motion and issued a writ of possession for the subject property on February 16, 2021. Since that time, Ms. Rodriguez has repeatedly sought to stop the writ of possession and has remained unlawfully at the property.[1] On June 5, 2021, the trial court ultimately granted a stay of the writ pending an evidentiary hearing. On August 1, 2021, Ms. Veytia filed an emergency motion to dismiss the fraud action under section 702.036, the finality of judgment statute, and to lift the stay of the writ of possession. Following a hearing on August 3, 2021, the trial court found section 702.036 constitutional, sustained Ms. Veytia's objection to the evidentiary hearing, granted the motion to lift the stay and ordered the Sheriff to enforce the writ of possession after August 31, 2021. On August 20, 2021, Ms. Rodriguez filed an "Emergency Motion for Rehearing of Order Finding Fla. Stat. § 702.036 Constitutional and Granting Vanessa Veytia's Emergency Motion

---

[1] Ms. Rodriguez filed her first emergency motion to stop the writ of possession on February 16, 2021. The trial court denied the motion, Ms. Rodriguez appealed and later voluntarily dismissed the appeal. On April 30, 2021, Ms. Rodriguez filed a second emergency motion seeking a temporary injunction to stop the writ of possession. Her motion was granted on the condition that Ms. Rodriguez post a bond. She appealed, but later voluntarily dismissed the appeal. On May 25, 2021, Ms. Rodriguez filed a third emergency motion for temporary injunctive relief to stop the writ of possession and for an evidentiary hearing to reduce the bond amount. On June 3, 2021, Ms. Rodriguez filed her fourth emergency motion for temporary injunctive relief to stop the writ of possession.

to Lift Stay of Eviction." The trial court denied the motion for rehearing,[2] but extended the stay of the writ of possession to September 10, 2021. On September 11, 2021, the Sheriff served a notice of eviction and writ of possession on the door of the property. Mayor Levine-Cava granted a one-day reprieve from eviction for Ms. Rodriguez to petition this Court. The following Monday, on September 13, 2021, Ms. Rodriguez filed the instant motion for stay.

We address the procedural history of this case on motion to stay because Ms. Rodriguez presents a passionate argument that her constitutional rights have been violated by the eviction. As the record in this case makes clear, Ms. Rodriguez consented to the final judgment of foreclosure in 2018. Since that time, however, Ms. Rodriguez has continuously tried to delay her inevitable eviction from the property that is legally owned by Ms. Veytia, a bona fide third-party purchaser. Ms. Veytia, meanwhile, has been deprived of the possession and enjoyment of her property by the repeated delay tactics.

Ms. Rodriguez files the instant motion for stay on the eve of her eviction without presenting any cognizable legal grounds warranting a stay. Instead, Ms. Rodriguez seeks to appeal to this Court's sympathies. "Unfortunately,

---

[2] This is the order being appealed in the instant action.

4

neither the ground of fairness nor 'the "ground" of benevolence and compassion . . . constitute[s] a lawful, cognizable basis for granting relief to one side to the detriment of the other, and thus cannot support [the requested relief]: no judicial action of any kind can rest on such a foundation.'" Phoenix Holding, LLC v. Martinez, 27 So. 3d 791, 793 (Fla. 3d DCA 2010) (quoting Republic Fed. Bank, N.A. v. Doyle, 19 So. 3d 1053, 1054 (Fla. 3d DCA 2009)); see Firstbank Puerto Rico v. Othon, 190 So. 3d 110, 111 (Fla. 4th DCA 2015) (finding trial court abused its discretion where it granted a continuance of a foreclosure sale based upon compassion for the mortgagor). While we may be sympathetic to Ms. Rodriguez's plight, our guiding principle is the law. We are mindful that "[i]t is emphatically the province and duty of the judicial department to say what the law is." Marbury v. Madison, 5 U.S. 137, 177 (1803). And the law must be applied equally to all natural persons. Art. I, § 2, Fla. Const.; see Southern R. Co. v. Greene, 216 U.S. 400, 412 (1910).

Here, Ms. Rodriguez seeks to halt her eviction from the subject property, which is rightfully owned by a third-party purchaser and for which Ms. Rodriguez has not made any payments for twelve years. Ms. Rodriguez has been afforded due process at every stage in the foreclosure and fraud actions and continues to have her interests zealously represented.

5

However, Ms. Rodriguez would not be entitled to the remedy she seeks—i.e., staying in her home—even if her arguments are meritorious. "[Section 702.036] provides that where title has passed to an innocent third-party buyer, a claim for wrongful foreclosure is converted into an action for money damages against the wrongfully foreclosing lender." Vista Fin. Grp., LLC v. Bank of New York Mellon, No. 3D20-602, 2021 WL 3177302, at *1 (Fla. 3d DCA July 28, 2021). As such, Ms. Rodriguez has failed to establish entitlement to a stay of the writ of possession pending appeal. We express no opinion as to whatever else Ms. Rodriguez might file in any pending action before the trial court.

Stay denied.